UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.: 0: 23-cv-60369

AT LAW AND IN ADMIRALTY

JANE DOE,

      Plaintiff,

v.

MSC CRUISES S.A.,
MSC CRUISE MANAGEMENT (UK) LIMITED;

      Defendants.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, JANE DOE, hereby sues the Defendants, MSC CRUISES S.A. and MSC

CRUISE MANAGEMENT (UK) LIMITED (hereinafter "Defendants" or "MSC CRUISES") and

files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1.      This is an action for damages that exceeds $75,000 exclusive of interest, costs, and

attorneys' fees.

2.      **THE PLAINTIFF.**  The Plaintiff, JANE DOE, (hereinafter referred to as

"Plaintiff" or "Doe") is *sui juris* and is a citizen and resident of the state of Saratoga Springs, Utah,

for purposes of diversity. "JANE DOE" is an alias used because of the nature of the events in this

matter. The Defendants are aware of the identity of JANE DOE, as provided in the notice sent to

the Defendants.

3.      **THE DEFENDANT- MSC CRUISES S.A**. The Defendant, MSC CRUISES, SA, is a citizen of the foreign nation of Switzerland, is incorporated outside of the state of Florida in the country of Switzerland, but does business in the State of Florida, and at all times material hereto was and is doing business in Broward County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred along with Defendant MSC CRUISE MANAGEMENT (UK) LIMITED.

4.      **THE DEFENDANT – MSC CRUISE MANAGEMENT (UK) LIMITED.**  The Defendant, MSC CRUISE MANAGEMENT (UK) LIMITED, is incorporated outside of the state of Florida, and is a citizen of the foreign nation of the United Kingdom, but does business in the State of Florida, and at all times material hereto was and is doing business in conjunction with MSC Cruises, SA in Broward County, Florida.  At all times material hereto, the Defendant owned/or operated the cruise ship on which the subject negligence occurred along with Defendant MSC CRUISES S.A.

5.      **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333.

6.      **VENUE AND PERSONAL JURISDICTION – MSC CRUISES S.A. AND MSC CRUISE MANAGEMENT (UK) LIMITED** The Defendants, MSC Cruises S.A. and MSC CRUISE MANAGEMENT (UK) LIMITED at all times material hereto, themselves or

through an agent or representative, in the County and in the District in which this Complaint is filed:

(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

(b) Had an office or agency in this state and/or county; and/or

(c) Engaged in substantial activity within this state; and/or

(d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

7.      **PERSONAL JURISDICTION CONSENT OR WAIVER**: The Defendants consented to and/or waived personal jurisdiction in the ticket contract between the parties.  The ticket contract requires that the Plaintiff file suit for personal injury in the Southern District of Florida against the "Carrier". *See* Ticket Contract, attached hereto as **Exhibit A** at §1, 25.  The Ticket Contract defines the term "Carrier" to include the "Carriers, the carrying vessel (the "Cruise Ship"), its **owner, charterer, operator,** any tenders or other means of transport provided by the Carrier to the Passenger."  Therefore, the Defendants are included as "Carriers" which consent to jurisdiction.

8.      **SPECIFIC PERSONAL JURISDICTION**: Alternatively, the Defendants are subject to specific personal jurisdiction.  There is an adequate link between this forum and these claims.  This suit relates and/or arises out of this forum and/or related to the Defendants' contacts with the forum.  In other words, there is a sufficient affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum and therefore subject to the forum's regulations. *Goodyear Dunlop Tires Operations, S.A., et al., v.*

*Brown, et al.*, 564 U.S. 915, 919 (2011).  Specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction. *Id.*

9.     The Defendants' ships, which include the *MSC Meraviglia,* regularly and continuously enter United States waters including in Florida.  The Defendants' negligence in this case occurred on a cruise with the port of embarkation in Port Canaveral, Florida.

10.     All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**OTHER ALLEGATIONS COMMON TO ALL COUNTS**

11.     **DATE OF THE INCIDENT**. The incident occurred at approximately 2:30 AM on February 9, 2023.

12.     **LOCATION OF THE INCIDENT.** The incident occurred while the ship was in navigable water while the Plaintiff was a passenger on board the MSC *Meraviglia*. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, this incident occurred in a "staff only" room by the Attic Club on Deck 18 on board the *Meraviglia* cruise ship owned and operated by the Defendant.

13.     **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.  The Plaintiff does not have a copy of the subject ticket, but the Defendant does.

14.     **THE MSC *MERAVIGLIA*.**  The Defendants advertise on their website that "a cruise isn't just one of the most luxurious and relaxing ways to see the world, it's also one of the safest."[1] The cruise line, in its literature and advertisements markets, advertises and represents

---

[1] *See*  https://www.msccruisesusa.com/faq/safety

directly or indirectly that it provides a safe, secure and fun experience. However, the reality is different. Further, in an effort to save its public image and profits rather than the safety and security of its passengers, the cruise line reports incidents to U.S. authorities, the press, and the public. These representations are false. They cause the American public, including the Plaintiff herein, to choose this cruise line and, when on board, to let down their guard as to the dangerous tendencies of crew members and to rely on the security of the security personnel onboard the ship.

15.     The cruise invites 4,500 passengers and 1,536 crew on to an enclosed living and partying situation. The cruise line knows that crimes occur on their ships, including sexual assaults. The Defendants fail to protect their female passengers from sexual assault, battery and rape by its crew members and/or officers. The Defendant failed to provide a reasonably safe environment for its passengers on the *MSC Meraviglia* and to protect passengers from sexual assault, sexual battery and rape by its crew members.

16.     **DESCRIPTION OF THE INCIDENT.** The Defendants' failures allowed a crew member to sexually assault the Plaintiff. Defendants' crew member Ryan worked as a bartender on board the *MSC Meraviglia.* As the bartender, MSC crew member Ryan could easily pray on female passengers.

17.     Onboard the MSC *Meraviglia* there are several bars and clubs that serve alcoholic beverages. One such bar is Horizons Bar, which is located on the ship's aft on Deck 18 near the Sun Deck and the Attic Club. The Horizon Bar is one of the onboard bars that is open the latest and serves drinks until 2:00 am.

18.     The Plaintiff and her travel companions, her husband and two friends, frequented the Horizons bar while on board the MSC *Meraviglia*. Specifically, the Plaintiff and her travel companions frequented the subject bar on three nights of their itinerary, including the night of the

incident. The Defendants failed to alert the Plaintiff and other female passengers as to the danger that their crew member Ryan posed at the Horizon bar.

19.     On February 9, 2023, the Plaintiff, her husband, and four friends were at a bar on board the *MSC Meraviglia*. Ryan, a crew member, was working at the Horizon Bar. Between the hours of 11 PM on February 8, 2023, and 2:30 AM on February 9, 2023, Ryan served the Plaintiff and her group drinks. That night the Plaintiff and her group were enjoying listening to music and dancing in between drinks at the busy Horizon Bar.

20.     The Defendants' crew member knew that the Plaintiff had been drinking and that he could take advantage of her. Crew member Ryan continued to over-serve the Plaintiff alcohol, even after she exhibited clear objective signs of intoxication such as red glassy eyes, the odor of alcohol on her breath, slurred speech, swaying, staggering, stumbling, difficulty standing, boisterous behavior, behavior associated with intoxicated patrons, and disorientation. The crew member observed or should have observed these clear physical signs of intoxication. Despite observing these signs of intoxication, crew member Ryan continued to serve the Plaintiff alcohol throughout the night.

21.     After the bar closed, at approximately 2:30 AM, The Plaintiff and a female friend had asked if crew member Ryan could get them another drink.  Crew member Ryan at first said that he couldn't serve any more drinks. However, he changed his mind and agreed to make the Plaintiff another rum and coke. Crew member Ryan then instructed the Plaintiff to go around to the other side of the bar and motioned for her towards an area by the Attic Club, a bar located on the interior of the ship. Crew member Ryan entered a "staff only" area and motioned for the Plaintiff to follow him. The Plaintiff followed crew member Ryan in order to get the promised drink.

22.     After following crew member Ryan into the room, Ryan overpowered the Plaintiff. Crew member Ryan grabbed the Plaintiff forcefully by the head and began aggressively kissing her.

The Plaintiff was unable to escape. Crew member Ryan then forcefully pushed the Plaintiff to the ground and aggressively forced his penis into her mouth. The Plaintiff attempted to get away but was unsuccessful. The Crew member then ejaculated in the Plaintiff's mouth, in her hair, on her face, on her legs and onto her clothing.

23.     The Plaintiff's husband and one of her friends went to search for the Plaintiff. The Plaintiff's friend pounded on the "staff only" door. This pounding distracted crew member Ryan enough that the Plaintiff was able to get to the door and open it. The Plaintiff was visibly intoxicated, shocked and scared. Only after crew member Ryan was distracted was the Plaintiff able to escape, as her friend was able to pull her out of the room.

24.     The Plaintiff's husband confronted crew member Ryan about the sexual assault and the crew member apologized.

25.     The Plaintiff's husband alerted security as to the sexual assault and turned over her clothing. The Plaintiff also underwent a rape kit at the medical center.

26.     After reporting this forceful sexual assault to the cruise ship security, the Defendants refused to incarcerate the crew member that perpetrated the attack.

27.     The Plaintiff did not consent to the sexual acts described herein. Further, the Plaintiff could not consent to the sexual acts described herein as she was intoxicated at the time of the sexual assault.

28.     **THE BUSINESS MODEL; WORKING CONDITIONS AND THE FAILURE TO SCREEN, TRAIN, AND MONITOR.** The cruise line hires its crew from underdeveloped countries or from countries where the economies are bleak and the unemployment rates are high. The cruise line chooses to hire from these countries to pay low wages and to get a willing workforce to

work on a ship away from home for months at a time and for 7 days a week, often 12 to 14 hours a day.

29.     Upon information and belief, the cruise line utilizes agents or "hiring partners" in these countries and relies on the "hiring partners" to obtain background information on these candidates. As the cruise line knows, it is all but impossible to obtain complete and reliable background information, medical and psychological records, and criminal records in such countries. And the "hiring partners" are paid per person actually hired by the cruise line. Accordingly, the cruise line places a disincentive on its "hiring partners" to conduct background checks which can result in the exclusion of people for hire.

30.     The cruise line then fails to examine and test—reasonably under these circumstances—the applicants for a job which involves this level of contact with the public.  The cruise line also fails to train these crew members well and then fails to monitor the crew members. MSC's failure to select, train and control its male crew members and/or officers to stay away from female passengers. MSC fails to provide a safe environment for its female passengers. MSC fails to protect its female passengers from sexual assault, sexual battery and rape by its crew members and/or officers. MSC fails to warn female passengers that MSC's male crew and/or officers represent a danger to female passengers.

31.     The Defendants hire male crew members and/or officers who are from a variety of different cultures.  These crew members and/or officers are away from their wives and girlfriends for months at a time.  The crew members and/or officers are inadequately screened and trained to deal with female passengers on its cruise ships. The Defendants know that sexual assaults perpetrated by these crew members is a serious, on-going, and repetitive problem.

32.   **NOTICE: PRIOR INCIDENTS.** The Defendants know that sexual assaults on board its ships are a serious problem.

> Since 2010 cruise lines have been required to keep records of all complaints about certain crimes — including sexual assault and rape — that occur aboard any of their ships during a cruise "that embarks or disembarks passengers in the United States." 46 U.S.C. § 3507(g)(1)(A); see id. § 3507(k)(1). Cruise lines must report those complaints to the FBI and the Department of Transportation. Id. § 3507(g)(3)(A)(i), (ii). The DOT has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about certain crimes — including sexual assault and rape — that occur on board cruise vessels. See id. § 3507(g)(4). Those compilations are called Cruise Line Incident Reports. Cruise Line Incident Reports, U.S. Dep't Transp., https://www.transportation.gov/mission/safety/cruise-line-incident-reports (last updated Apr. 17, 2019).

*K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident").

The Defendants knew or should have known about the danger of sexual assaults on board because of prior similar incidents. See *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1370 (11th Cir. 2018) (accepting that prior reports of similar incidents are sufficient to provide a cruise ship operator with notice of a dangerous condition); *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"). See *Taiarol v. MSC Crociere S.A.*, 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the

ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....").

a)  Passenger Jane Doe (A.F.) was on board the *MSC Divina* on January 30, 2020. Doe (A.F.) was a victim of sexual assault perpetrated by a MSC crew member. Doe (A.F.) filed suit as a result of this incident. *Jane Doe (A.F.) v. MSC Cruises*, Case Number: 1:21-cv-20213.

b)  Passenger Lexi Jenkins was on board the *MSC Divina* on March 10, 2017. Jenkins was a victim of sexual assault perpetrated by a MSC crew member.  Jenkins filed suit as a result of this incident. *Lexi Jenkins, a minor, by and through her Mother, natural guardian Catherine M. Jenkins v. MSC Cruises*, Case Number: 1:18-cv-22386-MGC.

c)  Passenger K.G. on board the *MSC Divina* on February 14, 2016. K.G. was a victim of sexual assault perpetrated by a MSC crew member.  K.G. filed suit as a result of this incident. *K.G., a minor, by and through her Grandfather, natural guardian E.M. v. MSC Cruises*, Case Number: 1-16-cv-23899.

d)  Passenger Joshua Beadle was on board the *MSC Divina* on November 23, 2013. Beadle was a victim of sexual assault after being over-served alcohol. Beadle filed suit as a result of this incident. *Beadle v. MSC Crociere*, Case Number: 1:14-cv-23819-JAL.

Additionally, according to the statistical compilation of shipboard incidents pursuant to Title 46 U.S.C section 3507(g)(4)(A) the following sexual assaults perpetrated on MSC cruise ships were reported[2]:

---

[2] *See* https://www.transportation.gov/mission/safety/cruise-line-incident-reports

a) Between October 1, 2019, and December 31, 2019, one sexual assault committed by a crew member was reported. MSC may be in possession of the name and information of the subject passenger. [3]

b) Between April 1, 2019, and June 30, 2019, one sexual assault committed by a crew member was reported. MSC may be in possession of the name and information of the subject passenger.[4]

c) Between January 1, 2017, and March 31, 2017, one sexual assault committed by a crew member was reported. MSC may be in possession of the name and information of the subject passenger. [5]

Accordingly, the Defendants know about the dangerous condition on board its ships from prior incidents.

33. **NOTICE: ON-GOING, REPETITIVE PROBLEM.** Additionally, the Defendants know or should know that sexual assaults on board its ships are an on-going repetitive problem.

34. Despite knowing this, the cruise line failed and continues to fail to provide for the safety and security of its passengers during its cruises. This failure of safety and security results in sexual assaults and personal injuries to its passengers, including the Plaintiff.

35. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.** The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual

---

[3]*See* https://www.transportation.gov/sites/dot.gov/files/2020-07/Q4_2019_CVSSA.pdf
[4] *See* https://www.transportation.gov/sites/dot.gov/files/docs/mission/safety/345161/q42019cvssareport.pdf
[5] *See* https://www.transportation.gov/sites/dot.gov/files/docs/mission/safety/278981/cruise-line-incident-report-1-jan-31-mar-2017.pdf

battery and rape.  This is a "special non-delegable duty owed by the carrier to the passenger". *Doe v. Celebrity Cruises, Inc*., 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employee's misconduct. *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc*., 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.

36.     **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.**  The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

37.     Despite these duties, knowledge and circumstances of hiring crew described herein, the cruise line failed and continues to fail to monitor and manage its crew members on board the ship in a reasonable manner. The Defendants failed to perform and initial and subsequent review of crew members' mental health, investigate crew members, train, test, counsel including proper testing, training continued testing and/or training. In sum, the Defendants failed to provide a reasonably safe

environment for its passengers on the MSC *Meraviglia* and to protect passengers, including the Plaintiff, from sexual assault by its crew member.

38.     Further, to save its public image and profits rather than the safety and security of its passengers, the cruise line under-reports incidents to U.S. authorities, the press, and the public. These representations are false. They cause the American public, including the Plaintiff herein, to choose this cruise line and, when onboard, to let down their guard as to the dangerous tendencies of crew members, and to rely on the security of the security personnel onboard the ship.

39.     The Defendants typically hire young men from developing world countries and pays these young men a minimal wage below the wage which would be required if they hired Americans for the same job. They place these young men on the ship for months at a time and require them to work 7 days a week for 12 to 14 hours a day, all in the name of saving some money. These young men are away from their families and spouses and significant others for the months in which they are assigned to and living onboard the ships.

40.     Despite these circumstances, the cruise line does little or nothing to screen these young men before they are hired, to train the young men when they are hired, or to monitor the activities of these crew members after they are hired. Second, the Defendants poorly screened (or chose not to screen), established the criteria for hiring, poorly and unreasonably trained, and poorly and unreasonably monitored this and other crew members who the cruise line knew would have access to female passengers and alcohol.

## COUNT I
## STRICT LIABILITY FOR SEXUAL ASSAULT AND SEXUAL BATTERY- MSC CRUISES S.A.

41.     The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 40.

42.     This is an action for strict liability for the sexual assault, and sexual battery committed on the Plaintiff by MSC CRUISES S.A.'s crew member on board the MSC *Meraviglia*.

43.     The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, and sexual battery.  This is a "special non-delegable duty owed by the carrier to the passenger".  *Doe v. Celebrity Cruises, Inc*., 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct.  *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc*., 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.

44.     On the date of the subject incident, MSC CRUISES S.A.'s employee committed the intentional acts of sexual assault and/or sexual battery on the Plaintiff, a passenger.

45.     MSC CRUISES S.A.'s crew member Ryan was working at the Horizon Bar. He was over-serving alcohol to a female passenger so he could take advantage of her. The crew member waited for an opportunity to get the Plaintiff alone while she was vulnerable and identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her.  He started this by forcefully kissing the Plaintiff.  The Plaintiff tried to get away but failed. The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down to her knees. The crew member pulled out his erect penis and shoved it into the Plaintiff's mouth while she tried to get away. The crew member forcibly orally penetrated the Plaintiff and then the crew member

ejaculated in the Plaintiff's mouth, in her hair, on her face, on her legs and onto her clothing.  The Plaintiff did not consent to these sexual acts.

46.     MSC CRUISES S.A. is strictly liable and responsible for the negligent acts of its shipboard crew members who were employees and/or actual agents of MSC CRUISES S.A. This ultimately is based on the fact that the crew members are employees of the cruise line.  Therefore, under respondeat superior, the cruise line is liable for the negligence of all crew members working aboard its ships.

47.     When a passenger makes a maritime negligence claim against a shipowner based on an employee's negligence under a theory of vicarious liability, the passenger need not establish that the shipowner had actual or constructive notice of a risk-creating condition. *Yusko v. NCL,* 4 F.4th 1164 (11th Cir. 2021).

48.     MSC CRUISES S.A.'s employee's intentional acts of sexual assault and sexual battery of the Plaintiff have caused the Plaintiff to suffer damages, economic and non-economic, past and future, for bodily injury, emotional distress, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, medical and psychological treatment expenses. The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all

interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT II**
**GENERAL NEGLIGENCE- MSC CRUISES S.A.**

49.      The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 40.

50.      This is an action for MSC CRUISES S.A.'s negligence. MSC CRUISES S.A.'s negligence caused the Plaintiff to be violently physically attacked, sexually assaulted and/or battered by the Defendant's crew member. MSC CRUISES S.A. anticipated and foresaw that crimes such as battery, sexual assault and/or sexual battery would be perpetrated by crew members on passengers aboard its vessels. MSC CRUISES S.A. knew or should have known of the high risk to its passengers of crime and injury aboard the vessels.

51.      **DUTIES OWED BY MSC CRUISES S.A.:** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991).  At all times material hereto, it was the duty of MSC CRUISES S.A. to provide the Plaintiff with reasonable care under the circumstances while the Plaintiff was a passenger aboard the vessel.

52.      As part of MSC CRUISES S.A.'s duty to use reasonable care under the circumstances, the Defendant cruise line had the duty to use reasonable care to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, sexual battery and rape by crew members on board their ships. MSC CRUISES S.A. had a duty to take precautions as were

reasonably necessary to protect its passengers from sexual assault, sexual battery, and rape, which were reasonably foreseeable dangers.

53.     MSC CRUISES S.A. knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous instances of sexual assault, sexual battery, rape, and attacks perpetrated by crew and/or officers on passengers.

54.     MSC CRUISES S.A. had experienced and had actual knowledge of assaults and batteries and sexual crimes, and other violence between passengers and between passengers and crew and anticipated and foresaw that crimes would be perpetrated on passengers aboard cruise ships. MSC CRUISES S.A.  knew or should have known of the high risk to its passengers of crime and injury aboard its vessels.

55.     MSC CRUISES S.A. at all relevant times, as well as other major cruise lines, have been required to keep records of all complaints about certain crimes, which include sexual assault, sexual battery and/or rape.  Cruise lines, including MSC Cruises, must report complaints of sexual assault and rape to the FBI and the Department of Transportation.  *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels.  46 U.S.C. §3507(g)(4).  These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports.  According to the Department of Transportation, sexual assault is the most common crime reported on cruise ships. For example, in 2022, cruise lines reported 67 crimes to the Department of Transportation, 57 of which involved sexual assaults.

56.     MSC CRUISES S.A. documents and, as a matter of law, must report prior incidents involving rape, sexual assault, assault and other crimes, which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.

57.     Because MSC CRUISES S.A. knows or should have known that the most commonly reported crime on cruise ships is sexual assault. MSC CRUISES S.A.'s duty of care includes to taking precautions as reasonably necessary to protect its passengers from sexual assault, sexual battery, and rape, which were reasonably foreseeable dangers.

58.     **NOTICE: PRIOR INCIDENTS.** MSC CRUISES S.A. knew or should have known that sexual assaults on board its ships are a serious problem because of prior similar incidents. *K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"); See *Taiarol v. MSC Crociere S.A*., 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

59.     **NOTICE: ON-GOING, REPETITIVE PROBLEM.**     Additionally, MSC CRUISES S.A. knew or should have known that sexual assaults on board its ships are an on-going repetitive problem.

60.     MSC CRUISES S.A.'s crew member Ryan was working at the Horizon Bar. He was over-serving alcohol to a female passenger so he could take advantage of her. The crew member waited for an opportunity to get the Plaintiff alone while she was vulnerable and identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her.  He started this by forcefully kissing the Plaintiff.  The Plaintiff tried to get away but failed.  The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down to her knees. The crew member pulled out his erect penis and shoved it into the Plaintiff's mouth while she tried to get away. The crew member then ejaculated in the Plaintiff's mouth, in her hair, on her face, on her legs and onto her clothing.  The Plaintiff did not consent to these sexual acts.

61.     MSC Cruises advertises on its website that "a cruise isn't just one of the most luxurious and relaxing ways to see the world, it's also one of the safest."[6] The cruise line, in its literature and advertisements, markets, advertises and represents directly or indirectly that it provides a safe, secure and fun experience. MSC Cruises represents that they want guests to "discover the world in absolute style, comfort and safety."[7]

62.     MSC Cruises represents that its "top priority continues to be the health and safety of our guest, crew and the communities that our ships visits."[8] MSC further claims to offer "an enriching, immersive and safe cruise experience where you can enjoy international dining, world-class entertainment, award-winning family programmes and the latest user-friendly technology on board."[9]

---

[6] *See*  https://www.msccruisesusa.com/faq/safety
[7] *See* https://www.msccruisesusa.com/about
[8] *See* https://www.msccruisesusa.com/manage-booking/before-you-go/health-and-safety
[9] *See* https://www.msccruisesusa.com/about

63.     MSC Cruises also represents that "public areas are monitored by cameras, and highly trained Ship Security Officers continuously patrol the ship and are on emergency call 24/7."[10] MSC further states that "MSC Cruises does not tolerate any behavior affecting the comfort, health, safety, and security of other Guests or our crew."[11]

64.     **<u>MSC CRUISES S.A. BREACHED ITS DUTY</u>**: MSC CRUISES S.A. breached its duty to exercise reasonable care and was negligent by its failures and by its choices of rules, regulations, policies, and procedures, and by its other actions and conduct including but not limited to the following:

a.   Failing to fulfill their representations made in their literature, on-line and otherwise about the safety onboard its ship;

b.   Failing to make, create and maintain a safe environment passengers as advertised;

c.   Failing to otherwise maintain a safe environment for its passengers, including the Plaintiff herein;

d.   Failing to supervise the male crew members;

e.   Failing to reasonably and properly screen, hire, and retain employees;

f.   Failing to make inquiries into the background of or otherwise screen those persons, employees and/or agents hired

g.   Failing to provide, maintain, and implement reasonable measures to ensure the safety of its passengers;

h.   Failing to implement proper procedures for the safety and security of the passengers;

i.   Failing to adequately and sufficiently train, supervise, and or instruct its employees or agents;

---

[10] *See* https://www.msccruisesusa.com/faq/safety
[11] *See* https://www.msccruisesusa.com/faq/safety

**j.**   Failing to provide adequate security for the passengers;

**k.**   Failing to warn passengers on board the ship about the danger of sexual assault, sexual battery, and rape;

**l.**   Failing to implement adequate security policies, security measures, and security procedures necessary to protect the female passengers;

**m.**   Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

**n.**   Failing to adequately provide an adequate and reasonable plan for the safety and security of its passengers which would meet the known industry standards and customs for safety onboard the subject ship;

**o.**   Failing to properly and reasonably train its employees in the proper methods of monitoring the activities of people in the bar areas;

**p.**   Failing to properly and reasonably monitor and control the amount of alcohol served to passengers;

**q.**   Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case.

MSC CRUISES S.A. breached its duties to the Plaintiff by its actions and conduct.

65.   **PROXIMATE CAUSE**: MSC CRUISES S.A.'s negligence put the Plaintiff in high risk of crime and personal injury, including sexual battery and/or assault, and proximately caused the Plaintiff's injuries and psychological trauma. Had MSC CRUISES S.A. used reasonable care and taken precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, and rape, which were reasonably foreseeable dangers, the Plaintiff would never have been sexually assaulted and/or battered and suffered injuries, including severe emotional distress.

66. **DAMAGES**: MSC CRUISES S.A.'s negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT OVER-SERVING OF ALCOHOL– MSC CRUISES S.A.

67. The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 40.

68.     This is an action for MSC CRUISES S.A.'s negligent over-serving of alcohol to the Plaintiff past the point of intoxication where she was unable to look after her own safety and was violently sexually assaulted by a cruise line employee.

69.     **DUTIES OWED BY MSC CRUISES S.A.**: MSC CRUISES S.A. owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004).  The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991).

70.     This duty of reasonable care under the circumstances includes protecting passengers from becoming intoxicated to the extent they are not able to look after their own safety. This duty of reasonable care also includes protecting passengers who become intoxicated. *See Hall v. Royal Caribbean Cruises, Ltd.* 888 So.2d 654 (3rd DCA Fla. 2004).

71.     MSC CRUISES S.A. had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

72.     MSC CRUISES S.A. had experienced and had actual knowledge of assaults and batteries and sexual crimes, and other violence between passengers and between passengers and crew and anticipated and foresaw that crimes would be perpetrated on passengers aboard cruise ships. MSC CRUISES S.A. knew or should have known of the high risk to its passengers of crime and injury aboard MSC CRUISES S.A.'s vessels.

73.     MSC CRUISES S.A. knew or should have known from prior similar incidents that over-serving alcohol to passengers creates a dangerous condition and places them in danger of physical harm, such as sexual assault or sexual battery. Such as with former passenger Joshua

Beadle who was on board the *MSC Divina* on November 23, 2013, Beadle was a victim of sexual assault after being over-served alcohol. *Beadle v. MSC Crociere*, Case Number: 1:14-cv-23819-JAL.

74.     MSC CRUISES S.A. knew or should have known that the high risk to its passengers of sexual assault or sexual battery was enhanced by it's over serving of alcohol to the Plaintiff.

75.     MSC CRUISES S.A. knows from prior incidents that over-serving alcohol to passengers may cause them to be injured or may cause them to be victims of sexual assault or battery. Because of this, MSC CRUISES S.A.'s duty of reasonable care under the circumstances includes not over-serving alcohol to passengers and monitoring/protecting passengers that have become overly intoxicated.

76.     MSC CRUISES S.A. crew member Ryan was a bartender working at the Horizon Bar on Deck 18 of the MSC *Meraviglia* on the night of February 8, 2023, into the early morning hours of February 9, 2023. While working as a bartender for the cruise line, Ryan over-served alcoholic beverages to the Plaintiff to the point that she was incapable of caring for her own safety or consenting to sexual activity.

77.     Crew member Ryan knew that the Plaintiff was intoxicated. In fact, crew member Ryan had served the Plaintiff drinks himself.  Crew member Ryan knew that he could take advantage of the Plaintiff in her intoxicated state.

78.     Crew member Ryan continued to over-serve the Plaintiff alcohol, even after she exhibited clear objective signs of intoxication such as red glassy eyes, the odor of alcohol on her breath, slurred speech, swaying, staggering, stumbling, difficulty standing, boisterous behavior, behavior associated with intoxicated patrons, and disorientation. The crew member observed or should have observed these clear physical signs of intoxication. Despite observing these signs that the

Plaintiff was obviously past the point of intoxication where she could take care of herself, crew member Ryan continued to serve the Plaintiff alcohol throughout the night.

79.     On the date of the subject incident, the cruise line employee committed the intentional acts of sexual assault and/or sexual battery on the Plaintiff, a passenger. Crew member Ryan was working at the Horizon Bar. He was over-serving alcohol to a female passenger so he could take advantage of her. The crew member waited for an opportunity to get the Plaintiff alone while she was vulnerable and identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her.  He started this by forcefully kissing the Plaintiff.  The Plaintiff tried to get away but failed. The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down to her knees. The crew member pulled out his erect penis and shoved it into the Plaintiff's mouth while she tried to get away. The crew member then ejaculated in the Plaintiff's mouth, in her hair, on her face, on her legs and onto her clothing. The Plaintiff did not consent to these sexual acts.

80.     MSC CRUISES S.A.'s crew member Ryan was acting in the course and scope of his employment with the Defendant when he over-served alcohol to the Plaintiff.

81.     MSC CRUISES S.A., through the actions and conduct of its employee or agent, actual or apparent, is vicariously liable for over-serving of alcohol to the Plaintiff. When a passenger makes a maritime negligence claim against a shipowner based on an employee's negligence under a theory of vicarious liability, the passenger need not establish that the shipowner had actual or constructive notice of a risk-creating condition. *Yusko v. NCL,* 4 F.4th 1164 (11th Cir. 2021).

82.   **MSC CRUISES S.A. BREACHED ITS DUTY**: MSC CRUISES S.A. breached its duty to the Plaintiff by its actions and conduct.  MSC CRUISES S.A. failed to properly train and/or supervise employees not to serve excessive amounts of alcohol to passengers. MSC CRUISES S.A. failed to warn passengers of the dangers of drinking alcohol to excess on the ship. MSC CRUISES S.A. failed to properly monitor and count alcoholic beverages to passengers to ensure they did not become overly intoxicated. MSC CRUISES S.A. failed to promulgate and/or enforce adequate policies and/or procedures to prevent alcohol being over served to passengers. MSC CRUISES S.A. failed to exercise reasonable care for the safety of its passengers. MSC CRUISES S.A. continued to serve the Plaintiff alcohol after she displayed physical and verbal signs of being overly intoxicated and failed to assist an obviously intoxicated passenger. MSC CRUISES S.A. failed to protect or help the Plaintiff after their crew member over served her alcohol. MSC CRUISES S.A. failed to comply with applicable industry standards, statutes, and/or regulations.

83.   **PROXIMATE CAUSE**: MSC CRUISES S.A.'s negligence in over-serving the Plaintiff alcohol put her at high risk of crime and personal injury, including sexual battery and/or assault, and proximately caused the Plaintiff's injuries. Had MSC CRUISES S.A. not over-served alcohol to the Plaintiff, she would have not been overly intoxicated and would never have been sexually assaulted and/or battered and suffered injuries. Had MSC CRUISES S.A. protected the Plaintiff after she became highly intoxicated, due to their crew member over serving her alcohol, she would have never been sexually assaulted and/or battered and suffered injuries.

84.   **DAMAGES**: MSC CRUISES S.A.'s negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related

expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT IV**</u>
<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS– MSC CRUISES S.A.**</u>

85.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 40.

86.    This is an action for MSC CRUISES S.A.'s intentional infliction of emotional distress based upon the MSC CRUISES S.A.'s actions and conduct before and after the sexual assault. "Although maritime law does not explicitly provide a cause of action for emotional distress, Plaintiffs may nevertheless state an intentional infliction of emotional distress claim in a

maritime context." *Markham v. Carnival Corporation*, 2012 WL 12866787 (S.D. Fla. Dec. 3, 2012)(citing *McAllister v. Royal Caribbean Cruises, Ltd.*, 2003 WL 23192102, at *4 (E.D. Pa. Sept. 30, 2003)); *Wallis v. Princess Cruises, Inc*., 306 F.3d 827, 841 (9th Cir. 2002).

87.    MSC CRUISES S.A. through the actions and conduct of its employees or agents, actual or apparent is liable for the intentional infliction of emotional distress. MSC CRUISES S.A intentionally inflicted emotional distress upon the Plaintiff by its actions and conduct of before and after the sexual assault.

88.    Sexual assault and/or battery is outrageous conduct that goes beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community.  Sexual assault and/or battery can cause and did cause emotional distress to the Plaintiff and the emotional distress was severe.

89.    MSC CRUISES S.A.'s conduct is outrageous and goes beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community.

90.    MSC CRUISES S.A.'s employee Ryan was a bartender working at the Horizon Bar on Deck 18 of the MSC *Meraviglia* on the night of February 8, 2023, into the early morning hours of February 9, 2023. While working as a bartender for the cruise line, Ryan over-served alcoholic beverages to the Plaintiff to the point that she was incapable of caring for her own safety or consenting to sexual activity.

91.    Crew member Ryan knew that the Plaintiff was intoxicated. In fact, crew member Ryan had served the Plaintiff drinks himself. Crew member Ryan knew that he could take advantage of the Plaintiff in her intoxicated state.

92.    Crew member Ryan continued to over-serve the Plaintiff alcohol, even after she exhibited clear objective signs of intoxication such as red glassy eyes, the odor of alcohol on her

breath, slurred speech, swaying, staggering, stumbling, difficulty standing, boisterous behavior, behavior associated with intoxicated patrons, and disorientation. The crew member observed or should have observed these clear physical signs of intoxication. Despite observing these signs that the Plaintiff was obviously past the point of intoxication where she could take care of herself, crew member Ryan continued to serve the Plaintiff alcohol throughout the night.

93.     **EXTREME AND OUTRAGEOUS CONDUCT**. On the date of the subject incident, MSC CRUISES S.A.'s employee committed the intentional acts of sexual assault and/or sexual battery on the Plaintiff, a passenger. Crew member Ryan was working at the Horizon Bar. He was over-serving alcohol to a female passenger so he could take advantage of her. The crew member waited for an opportunity to get the Plaintiff alone while she was vulnerable and identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her. He started this by forcefully kissing the Plaintiff. The Plaintiff tried to get away but failed. The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down to her knees. The crew member pulled out his erect penis and shoved it into the Plaintiff's mouth while she tried to get away. The crew member then ejaculated in the Plaintiff's mouth, in her hair, and onto her face, legs, and her clothing. The Plaintiff did not consent to these sexual acts.

94.     This attack perpetrated by MSC CRUISES S.A.'s crew member constitutes extreme and outrageous conduct that exceeds all bounds that are usually tolerated by civilized society.

95.     **DELIBERATE OR RECKLESS INFLICTION OF MENTAL SUFFERING**. MSC CRUISES S.A., through the actions and conduct of its employee or agent, actual or apparent, is vicariously or strictly liable for the negligent infliction of emotional distress. The conduct of the crew member was directed at the Plaintiff. The employee or agent, actual or apparent, of the MSC

CRUISES S.A., intentionally inflicted emotional distress upon the Plaintiff by its actions and conduct of sexual assault and battery. The crew member intended to cause or recklessly disregarded the probability of causing the Plaintiff emotional distress by his attack, sexual assault and/or sexual battery on her.

96.     **SEVERE OR EXTREME EMOTIONAL DISTRESS**.  The crew member's conduct caused the Plaintiff severe emotional distress when he sexually assaulted and/or battered her in the "staff only" room by the Attic Club.  The Plaintiff suffered severe emotional distress during the attack where she was forcibly sexually assaulted, during which she reasonably feared for her life and safety and ultimately suffered injuries that could endanger her health and life.  The crew member's extreme and/or outrageous conduct caused the Plaintiff severe or extreme emotional distress that is substantial and/or enduring quality.

97.     **PROXIMATE CAUSE**: The crew member's outrageous conduct of sexual assault and/or battery proximately caused the Plaintiff to experience severe and extreme emotional distress. As a result of this incident, the Plaintiff suffers from psychological trauma including but not limited to fright and anxiety which manifested itself as multiple physical symptoms including but not limited to trouble sleeping, nightmares, trouble concentrating, and being easily startled.

98.     MSC CRUISES S.A. endangered Plaintiff's health and life. MSC CRUISES S.A.'s outrageous conduct proximately caused the Plaintiff to experience severe and extreme emotional distress.

99.     **DAMAGES**: MSC CRUISES S.A.'s intentional infliction of emotional distress proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. The Plaintiff suffers from psychological trauma which manifests itself as multiple physical symptoms. Those injuries and damages include but are not limited to economic damages including

medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS- MSC CRUISES S.A.

100.     The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 40.

101.     This is an action for MSC CRUISES S.A.'s negligent infliction of emotional distress. MSC CRUISES S.A.'s negligence caused the Plaintiff mental distress as a result of the psychological trauma due to the fear of a second violent physical attack, sexual assault and/or

sexual battery by MSC CRUISES S.A.'s crew member and MSC CRUISES S.A.'s response thereto.

102.     **DUTIES OWED BY MSC CRUISES S.A.:** MSC CRUISES S.A. owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004).  The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991).

103.     MSC CRUISES S.A. knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous instances of sexual assault, sexual battery, rape, and attacks perpetrated by crew and/or officers on passengers. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships—more fully described herein—sexual assault, sexual battery, rapes and attacks perpetrated by crew members is an on-going and repetitive problem.

104.     MSC CRUISES S.A. had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew and/or officers.

105.     In particular, MSC CRUISES S.A. had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

106.     MSC CRUISES S.A. had experienced and had actual knowledge of assaults and batteries and sexual crimes, and other violence between passengers and between passengers and crew and anticipated and foresaw that crimes would be perpetrated on passengers aboard cruise ships. MSC

CRUISES S.A. knew or should have known of the high risk to its passengers of crime and injury aboard MSC vessels.

107.   The Plaintiff has a "close personal relationship to the directly injured person", that is, the Plaintiff was the directly injured person.

108.   The Plaintiff was involved in the events causing the negligent injury.

109.   On the date of the subject incident, the MSC CRUISES S.A.'s employee committed the intentional acts of sexual assault and/or sexual battery on the Plaintiff, a passenger. Crew member Ryan was working at the Horizon Bar. He was over-serving alcohol to a female passenger so he could take advantage of her. The crew member waited for an opportunity to get the Plaintiff alone while she was vulnerable and identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her.  He started this by forcefully kissing the Plaintiff.  The Plaintiff tried to get away but failed.  The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down to her knees. The crew member pulled out his erect penis and shoved it into the Plaintiff's mouth while she tried to get away. The crew member then ejaculated in the Plaintiff's mouth, in her hair, and onto her clothing.  The Plaintiff did not consent to these sexual acts.

110.   After the violent and traumatic sexual assault, MSC CRUISES S.A. refused to incarcerate its crew member that perpetrated the attack.

111.   The Plaintiff was unable to leave the cruise, as she did not have a valid passport, and was forced to remain on board and live in fear of a future attack.

112.   MSC CRUISES S.A. did not tell the Plaintiff the perpetrators whereabouts after the attack, just that he was in a crew area. Because MSC CRUISES S.A. refused to incarcerate the perpetrator, the Plaintiff lived in constant fear that she would be attacked again.

113.    MSC CRUISES S.A. endangered the Plaintiff's health and life. MSC CRUISES S.A.'s outrageous conduct caused the Plaintiff to experience severe and extreme emotional distress.

114.    **MSC CRUISES S.A. BREACHED ITS DUTY**: MSC CRUISES S.A. breached its duty to warn the Plaintiff and other passengers about the high risk of crime and injury aboard its vessels. MSC CRUISES S.A.  breached its duty to provide proper security to ensure the safety of its passengers. MSC CRUISES S.A breached its duty to properly monitor and supervise its employees. MSC CRUISES S.A. also failed to comply with applicable industry standards, statutes, and/or regulations.

115.    **PROXIMATE CAUSE**: MSC CRUISES S.A.'s negligence put the Plaintiff in high risk of crime and personal injury, including sexual battery and/or assault, and proximately caused the Plaintiff's injuries. Had MSC CRUISES S.A. properly warned passengers of the high risk of crime aboard its ships, properly monitored and/or supervised its employees, and provided proper security, the Plaintiff would never have been sexually assaulted and/or battered and suffered injuries, including severe emotional distress.

116.    **DAMAGES**: MSC CRUISES S.A.'s negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience,

and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

      **WHEREFORE** the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT VI**</u>

<u>**NEGLIGENT FAILURE TO WARN- MSC CRUISES S.A.**</u>

      117.    The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 40.

      118.    This is an action for negligence of MSC CRUISES S.A.'s failing to warn passengers, including the Plaintiff, of known dangers in places where passengers are invited or reasonably expected to visit.  MSC CRUISES S.A. anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels.  MSC CRUISES S.A. knew or should have known of the high risk to its passengers of crime and injury aboard the vessels is enhanced by copious quantities of alcohol on its vessels. Also, it is expected that passengers, including the Plaintiff, will interact with the MSC CRUISES S.A.'s crew members throughout its cruises.

119.    **DUTIES OWED BY MSC CRUISES S.A.**: MSC CRUISES S.A. owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). Additionally, the Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

120.    MSC CRUISES S.A. at all relevant times, as well as other major cruise lines, have been required to keep records of all complaints about certain crimes, which include sexual assault, sexual battery and/or rape.  Cruise lines, including MSC Cruises, must report complaints of sexual assault and rape to the FBI and the Department of Transportation.  *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels.  46 U.S.C. §3507(g)(4).  These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports.  According to the Department of Transportation, sexual assault is the most common crime reported on cruise ships.

For example, in 2022, cruise lines reported 67 crimes to the Department of Transportation, 57 of which involved sexual assaults.

121. MSC CRUISES S.A documents and, as a matter of law, must report prior incidents involving rape, sexual assault, assault and other crimes, which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.

122. MSC CRUISES S.A. knows that the most commonly reported crime on cruise ships is sexual assault. MSC CRUISES S.A. knew or should have known to warn its passengers, including the plaintiff, about the high risk to its passengers of rape, sexual assault, assault and sexual battery and injury aboard the vessels. MSC CRUISES S.A. failed to warn the plaintiff of this danger and because of that failure, she was unaware she needed to take any special precautions while aboard the subject ship.

123. **NOTICE: PRIOR INCIDENTS.** MSC CRUISES S.A. knew or should have known that sexual assaults on board its ships are a serious problem because of prior similar incidents. *K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"); See *Taiarol v. MSC Crociere S.A.*, 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

124. **NOTICE: ON-GOING, REPETITIVE PROBLEM.** Additionally, MSC CRUISES S.A. knew or should have known that sexual assaults on board its ships are an on-going repetitive problem.

125. **MSC BREACHED ITS DUTY**: MSC CRUISES S.A. breached its duty to warn the Plaintiff of the dangerous condition and breached its duties to the Plaintiff by its actions and conduct. MSC CRUISES S.A., through its crew members, failed to warn its passengers, including the Plaintiff, about the high risk to passengers of crime and injury aboard the subject vessel. MSC CRUISES S.A. failed to distribute any written materials and/or memos; provide warnings on its website; make audible announcements; play video warning messages or other types of warnings to its passengers that they are at high risk of crime and injury while on their cruise line. MSC CRUISES S.A. also failed to comply with applicable industry standards, statutes, and/or regulations.

126. **PROXIMATE CAUSE**: MSC CRUISES S.A.'s failure to properly warn the Plaintiff of the high risk of crime and personal injury, including sexual assault and/or assault, proximately caused the Plaintiff's injuries. Had MSC CRUISES S.A. properly warned the Plaintiff of the dangerous condition, she would never have taken the subject cruise and would never have been sexually assaulted.

127. **DAMAGES**: MSC CRUISES S.A.'s negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain,

suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT VII
## NEGLIGENT SECURITY- MSC CRUISES S.A.

128.     The Plaintiff adopts and realleges each and every allegation in paragraphs 1 through 40.

129.     This is an action for negligent security on board the *MSC Meraviglia,* which allowed one of MSC CRUISES S.A.'s cruise line crew members to sexually assault the Plaintiff.

130.     **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed.

2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

131.    MSC CRUISES S.A. knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

132.    MSC Cruises represents that "public areas are monitored by cameras, and highly trained Ship Security Officers continuously patrol the ship and are on emergency call 24/7."[12]

133.    Passengers, such as the Plaintiff, rely upon MSC CRUISES S.A to monitor these cameras and provide adequate ship security to protect them from harm.

134.    **NOTICE: PRIOR INCIDENTS.** MSC CRUISES S.A. knew or should have known that sexual assaults on board its ships are a serious problem because of prior similar incidents. *K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"); See *Taiarol v. MSC Crociere S.A.*, 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

---

[12] *See* https://www.msccruisesusa.com/faq/safety

135.    **NOTICE: ON-GOING, REPETITIVE PROBLEM.**    Additionally, MSC CRUISES S.A. knew or should have known that sexual assaults on board its ships are an on-going repetitive problem.

136.    **MSC CRUISES S.A. BREACHED ITS DUTY**: MSC CRUISES S.A. breached its duty to the Plaintiff. MSC CRUISES S.A. failed to install a sufficient amount of security cameras on the cruise ship in the passenger areas and other public areas, which are monitored by security personnel, which could serve as a deterrent to incidents of sexual assault or permit MSC CRUISES S.A. to respond to such incidents. Because there were not a sufficient amount of security cameras and the security cameras that the ship does have are not adequately monitored, there were no security officers watching the cameras to see that crew member Ryan took the Plaintiff from the bar to an empty "staff only" room. Because the security cameras were not adequately monitored crew member Ryan was able to take the Plaintiff into an the empty "staff only" room and sexually assault her.

137.    MSC CRUISES S.A. also breached its duties by failing to provide a reasonable number of experienced and trained security officers, supervisors, and guards on the cruise ship and/or otherwise provide adequate security to its passengers. Because there was not a sufficient amount of security officers on the ship, the security officers were not adequately patrolling the ship. Had there been an adequate amount of security officers patrolling the ship, a security officer would have patrolled and discovered that crew member Ryan had taken the Plaintiff from the bar to an empty room and forcibly sexually assaulted her.

138.    MSC CRUISES S.A. also breached its duties by failing to promulgate and enforce reasonable rules and regulations regarding preventing sexual harassment and assault from occurring. MSC CRUISES S.A. also failed to ascertain the cause of prior similar accidents so as

to take measures to prevent the re-occurrence of sexual harassment and assaults. MSC CRUISES S.A. failed to investigate the hazards and assess risks to passengers, like the Plaintiff and then take the necessary steps to eliminate or minimize the hazards and risks and/or warn passengers, like the Plaintiff, of the dangers from the hazards and risks. MSC CRUISES S.A. failed to comply with applicable industry standards, statutes, and/or regulations.

139.    Additionally, MSC CRUISES S.A. breached its duties by failing to implement a method of operation that was reasonable and safe and would prevent dangerous conditions such as the one in this case. Because MSC CRUISES S.A. failed to implement a method of operation which would prevent dangerous conditions such as the one in this case, no security officer went to find out why crew member Ryan had taken the Plaintiff to an empty room "staff only" area and forcibly sexually assaulted her. Because no security officer went to find out why crew member Ryan had taken the Plaintiff to an empty room, Ryan was able to sexually assault and/or assault the Plaintiff.

140.    **PROXIMATE CAUSE**: MSC CRUISES S.A.'s failures put the Plaintiff in high risk of crime and personal injury, including rape, sexual assault and/or sexual battery proximately caused the Plaintiff's injuries.  Had MSC CRUISES S.A. properly implemented a security system, the Plaintiff would never have been sexually assaulted and/or sexually battered.

141.    **DAMAGES**: MSC CRUISES S.A.'s negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish,

inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT VIII

## NEGLIGENT SUPERVISION- MSC CRUISES S.A.

142.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 40.

143.    This is an action for negligent supervision of the MSC CRUISES S.A.'s crew member who sexually assaulted the Plaintiff on board *MSC Meraviglia.*

144.    **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed.

2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).

145.    The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

146.    MSC CRUISES S.A. had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault and battery by crew and/or officers.  In particular, MSC CRUISES S.A. had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault and sexual battery and physical battery, which was reasonably foreseeable.

147.    MSC CRUISES S.A. knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous sexual assaults, sexual batteries, and attacks perpetrated by crew and/or officers on passengers.

148.    **NOTICE: PRIOR INCIDENTS.** MSC CRUISES S.A. knew or should have known that sexual assaults on board its ships are a serious problem because of prior similar incidents. *K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"); See *Taiarol v. MSC Crociere S.A*., 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See

*Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

149.   **NOTICE: ON-GOING, REPETITIVE PROBLEM.**   Additionally, MSC CRUISES S.A. knew or should have known that sexual assaults on board its ships are an on-going repetitive problem.

150.   **NOTICE: LENGTH OF TIME.** MSC CRUISES S.A.  knew or should have known that crew member Ryan posed a danger to passengers and was not being properly supervised by the length of time he was allowed to spend over serving the Plaintiff alcohol and the length of time he was able to have her alone in a "staff only" area.

151.   Crew member Ryan spent hours bartending the night of the incident and was allowed to serve multiple alcoholic beverages, over that large time frame, to the visibly obviously intoxicated Plaintiff.

152.   After spending hours bartending, crew member Ryan was able to remove the Plaintiff from the public bar area and take her into a "staff only" area. Crew member Ryan forcibly kept the Plaintiff in this "staff only" area for an unreasonably long amount of time. He kept the Plaintiff in this room long enough to forcibly kiss her and forcibly orally penetrated her with his penis until he ejaculated.

153.   **MSC CRUISES S.A. BREACHED ITS DUTY**: MSC CRUISES S.A. breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures that failed to reasonably monitor and supervise its onboard crew. MSC CRUISES S.A. failed to implement and follow reasonable procedures and methods to supervise, monitor, and/or review crew member conduct and interactions with MSC CRUISES S.A.'s passengers.  MSC CRUISES S.A. failed to reasonably and properly control its employees

and/or provide rules, regulations, policies and/or procedures for employees regarding conduct and/or fraternization with passengers. MSC CRUISES S.A. failed to comply with applicable industry standards, statutes, and/or regulations.

154. **PROXIMATE CAUSE**: MSC CRUISES S.A.'s failure to properly monitor and supervise its crew members put the Plaintiff in high risk of crime and personal injury, including sexual assault and/or sexual battery proximately caused the Plaintiff's injuries. Had MSC CRUISES S.A. properly monitored and supervised its crew members the Plaintiff would never have been sexually assaulted and/or assaulted.

155. **DAMAGES**: MSC CRUISES S.A.'s negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all

interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IX

### STRICT LIABILITY FOR SEXUAL ASSAULT AND SEXUAL BATTERY-MSC CRUISES MANAGEMENT (UK) LIMITED

156.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 40.

157.    This is an action for strict liability against MSC CRUISE MANAGEMENT (UK) LIMITED as carrier the sexual assault, and sexual battery committed on the Plaintiff by MSC CRUISE MANAGEMENT (UK) LIMITED's crew member on board the MSC *Meraviglia*.

158.    The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, and sexual battery.  This is a "special non-delegable duty owed by the carrier to the passenger".  *Doe v. Celebrity Cruises, Inc*., 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct.  *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc*., 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.

159.    On the date of the subject incident, MSC CRUISE MANAGEMENT (UK) LIMITED's crew member committed the intentional acts of sexual assault and/or sexual battery on the Plaintiff, a passenger.

160.     Crew member Ryan was working at the Horizon Bar. He was over-serving alcohol to a female passenger so he could take advantage of her. The crew member waited for an opportunity to get the Plaintiff alone while she was vulnerable and identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her.  He started this by forcefully kissing the Plaintiff.  The Plaintiff tried to get away but failed.   The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down to her knees. The crew member pulled out his erect penis and shoved it into the Plaintiff's mouth while she tried to get away. The crew member forcibly orally penetrated the Plaintiff and then the crew member ejaculated in the Plaintiff's mouth, in her hair, on her face, on her legs and onto her clothing.  The Plaintiff did not consent to these sexual acts.

161.     MSC CRUISE MANAGEMENT (UK) LIMITED is strictly liable and responsible for the negligent acts of its shipboard crew members who were employees and/or actual agents of the Defendant. This ultimately is based on the fact that the crew members are employees of the cruise line.  Therefore, under respondeat superior, the cruise line is liable for the negligence of all crew members working aboard its ships.

162.     When a passenger makes a maritime negligence claim against a shipowner based on an employee's negligence under a theory of vicarious liability, the passenger need not establish that the shipowner had actual or constructive notice of a risk-creating condition. *Yusko v. NCL,* 4 F.4th 1164 (11th Cir. 2021).

163.     MSC CRUISE MANAGEMENT (UK) LIMITED's employee's intentional acts of sexual assault and sexual battery of the Plaintiff have caused the Plaintiff to suffer damages, economic and non-economic, past and future, for bodily injury, emotional distress, mental anguish,

pain and suffering, loss of capacity for the enjoyment of life, medical and psychological treatment expenses. The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT X
## GENERAL NEGLIGENCE- MSC CRUISES MANAGEMENT (UK) LIMITED

164.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 40.

165.    This is an action for MSC CRUISE MANAGEMENT (UK) LIMITED's negligence. MSC CRUISE MANAGEMENT (UK) LIMITED's negligence caused the Plaintiff to be violently physically attacked, sexually assaulted and/or battered by the Defendant's crew member. MSC CRUISE MANAGEMENT (UK) LIMITED anticipated and foresaw that crimes such as battery, sexual assault and/or sexual battery would be perpetrated by crew members on passengers aboard its vessels. MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known of the high risk to its passengers of crime and injury aboard the vessels.

166.   **DUTIES OWED BY MSC CRUISES MANAGEMENT (UK) LIMITED:**

MSC CRUISE MANAGEMENT (UK) LIMITED owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004).   The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991).   At all times material hereto, it was the duty of MSC CRUISE MANAGEMENT (UK) LIMITED to provide the Plaintiff with reasonable care under the circumstances while the Plaintiff was a passenger aboard the vessel.

167.   As part of MSC CRUISE MANAGEMENT (UK) LIMITED's duty to use reasonable care under the circumstances, MSC CRUISE MANAGEMENT (UK) LIMITED had the duty to use reasonable care to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, sexual battery and rape by crew members on board their ships. MSC CRUISE MANAGEMENT (UK) LIMITED had a duty to take precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, and rape, which were reasonably foreseeable dangers.

168.   MSC CRUISE MANAGEMENT (UK) LIMITED knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous instances of sexual assault, sexual battery, rape, and attacks perpetrated by crew and/or officers on passengers.

169.   MSC CRUISE MANAGEMENT (UK) LIMITED had experienced and had actual knowledge of assaults and batteries and sexual crimes, and other violence between passengers and between passengers and crew and anticipated and foresaw that crimes would be perpetrated on

passengers aboard cruise ships. MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known of the high risk to its passengers of crime and injury aboard its vessels.

170. MSC CRUISE MANAGEMENT (UK) LIMITED at all relevant times, as well as other major cruise lines, have been required to keep records of all complaints about certain crimes, which include sexual assault, sexual battery and/or rape. Cruise lines, including MSC Cruises, must report complaints of sexual assault and rape to the FBI and the Department of Transportation. *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels. 46 U.S.C. §3507(g)(4). These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports. According to the Department of Transportation, sexual assault is the most common crime reported on cruise ships. For example, in 2022, cruise lines reported 67 crimes to the Department of Transportation, 57 of which involved sexual assaults.

171. MSC CRUISE MANAGEMENT (UK) LIMITED documents and, as a matter of law, must report prior incidents involving rape, sexual assault, assault and other crimes, which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.

172. MSC CRUISE MANAGEMENT (UK) LIMITED knows or should have known that the most commonly reported crime on cruise ships is sexual assault. MSC Cruise Management

(UK) Limited's duty of care includes to taking precautions as reasonably necessary to protect its passengers from sexual assault, sexual battery, and rape, which were reasonably foreseeable dangers.

173. **NOTICE: PRIOR INCIDENTS.** MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that sexual assaults on board its ships are a serious problem because of prior similar incidents. *K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"); See *Taiarol v. MSC Crociere S.A.*, 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

174. **NOTICE: ON-GOING, REPETITIVE PROBLEM.** Additionally, MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that sexual assaults on board its ships are an on-going repetitive problem.

175. MSC CRUISE MANAGEMENT (UK) LIMITED's crew member Ryan was working at the Horizon Bar. He was over-serving alcohol to a female passenger so he could take advantage of her. The crew member waited for an opportunity to get the Plaintiff alone while she was vulnerable and identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her. He started this by forcefully kissing the Plaintiff. The Plaintiff tried to get away but failed. The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down

to her knees. The crew member pulled out his erect penis and shoved it into the Plaintiff's mouth while she tried to get away. The crew member then ejaculated in the Plaintiff's mouth, in her hair, on her face, on her legs and onto her clothing.  The Plaintiff did not consent to these sexual acts.

176.    MSC Cruises advertises on its website that "a cruise isn't just one of the most luxurious and relaxing ways to see the world, it's also one of the safest."[13] The cruise line, in its literature and advertisements, markets, advertises and represents directly or indirectly that it provides a safe, secure and fun experience. MSC Cruises represents that they want guests to "discover the world in absolute style, comfort and safety."[14]

177.    MSC Cruises represents that its "top priority continues to be the health and safety of our guest, crew and the communities that our ships visits."[15] MSC Cruises further claims to offer "an enriching, immersive and safe cruise experience where you can enjoy international dining, world-class entertainment, award-winning family programmes and the latest user-friendly technology on board."[16]

178.    MSC Cruises also represents that "public areas are monitored by cameras, and highly trained Ship Security Officers continuously patrol the ship and are on emergency call 24/7."[17] MSC Cruises further states that "MSC Cruises does not tolerate any behavior affecting the comfort, health, safety, and security of other Guests or our crew."[18]

179.    **MSC CRUISES MANAGEMENT (UK) LIMITED BREACHED ITS DUTY**: MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to exercise reasonable care

---

[13] *See*  https://www.msccruisesusa.com/faq/safety
[14] *See* https://www.msccruisesusa.com/about
[15] *See* https://www.msccruisesusa.com/manage-booking/before-you-go/health-and-safety
[16] *See* https://www.msccruisesusa.com/about
[17] *See* https://www.msccruisesusa.com/faq/safety
[18] *See* https://www.msccruisesusa.com/faq/safety

and was negligent by its failures and by its choices of rules, regulations, policies, and procedures, and by its other actions and conduct including but not limited to the following:

a.      Failing to fulfill their representations made in their literature, on-line and otherwise about the safety onboard its ship;

b.      Failing to make, create and maintain a safe environment passengers as advertised;

c.      Failing to otherwise maintain a safe environment for its passengers, including the Plaintiff herein;

d.      Failing to supervise the male crew members;

e.      Failing to reasonably and properly screen, hire, and retain employees;

f.      Failing to make inquiries into the background of or otherwise screen those persons, employees and/or agents hired

g.      Failing to provide, maintain, and implement reasonable measures to ensure the safety of its passengers;

h.      Failing to implement proper procedures for the safety and security of the passengers;

i.      Failing to adequately and sufficiently train, supervise, and or instruct its employees or agents;

j.      Failing to provide adequate security for the passengers;

k.      Failing to warn passengers on board the ship about the danger of sexual assault, sexual battery, and rape;

l.      Failing  to implement  adequate  security  policies,  security measures,  and  security
procedures necessary to protect the female passengers;

m.      Failing to take additional security measures after being put on notice that the security
measures in force were inadequate;

n.      Failing to adequately provide an adequate and reasonable plan for the safety and security
of its passengers which would meet the known industry standards and customs for safety onboard
the subject ship;

o.      Failing to properly and reasonably train its employees in the proper methods of monitoring
the activities of people in the bar areas;

p.      Failing to properly and reasonably monitor and control the amount of alcohol served to
passengers;

q.      Failing to implement a method of operation which was reasonable and safe and would
prevent dangerous conditions such as the one in this case.

MSC CRUISE MANAGEMENT (UK) LIMITED breached its duties to the Plaintiff by its actions
and conduct.

180.    **PROXIMATE  CAUSE**: MSC  CRUISE  MANAGEMENT  (UK)  LIMITED's
negligence put the Plaintiff in high risk of crime and personal injury, including sexual battery
and/or  assault,  and  proximately  caused  the  Plaintiff's  injuries.  Had  MSC  CRUISE
MANAGEMENT (UK) LIMITED used reasonable care and taken precautions as were reasonably
necessary  to  protect  its  passengers  from  sexual  assault,  sexual  battery,  and  rape,  which  were

reasonably foreseeable dangers, the Plaintiff would never have been sexually assaulted and/or battered and suffered injuries, including severe emotional distress.

181.  **DAMAGES**: MSC CRUISE MANAGEMENT (UK) LIMITED's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT XI
## NEGLIGENT OVER-SERVING OF ALCOHOL- MSC CRUISES MANAGEMENT (UK) LIMITED

182.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 40.

183.    This is an action for MSC CRUISE MANAGEMENT (UK) LIMITED's negligent over-serving of alcohol to the Plaintiff past the point of intoxication where she was unable to look after her own safety and was violently sexually assaulted by a cruise line employee.

184.    **DUTIES OWED BY MSC CRUISE MANAGEMENT (UK) LIMITED:** MSC CRUISE MANAGEMENT (UK) LIMITED owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004).  The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991).

185.    This duty of reasonable care under the circumstances includes protecting passengers from becoming intoxicated to the extent they are not able to look after their own safety. This duty of reasonable care also includes protecting passengers who become intoxicated. *See Hall v. Royal Caribbean Cruises, Ltd.* 888 So.2d 654 (3rd DCA Fla. 2004).

186.    MSC CRUISE MANAGEMENT (UK) LIMITED had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

187.    MSC CRUISE MANAGEMENT (UK) LIMITED had experienced and had actual knowledge of assaults and batteries and sexual crimes, and other violence between passengers and between passengers and crew and anticipated and foresaw that crimes would be perpetrated on

passengers aboard cruise ships. MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known of the high risk to its passengers of crime and injury aboard MSC vessels.

188.    MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known from prior similar incidents that over-serving alcohol to passengers creates a dangerous condition. Such as with former passenger Joshua Beadle who was on board the *MSC Divina* on November 23, 2013, Beadle was a victim of sexual assault after being over-served alcohol. *Beadle v. MSC Crociere*, Case Number: 1:14-cv-23819-JAL.

189.    MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that the high risk to its passengers of sexual assault or sexual battery was enhanced by it's over serving of alcohol to the Plaintiff.

190.    MSC CRUISE MANAGEMENT (UK) LIMITED knows from prior incidents that over-serving alcohol to passengers may cause them to be injured or may cause them to be victims of sexual assault or battery. Because of this, MSC CRUISE MANAGEMENT (UK) LIMITED's duty of reasonable care under the circumstances includes not over-serving alcohol to passengers and monitoring/protecting passengers that have become overly intoxicated.

191.    MSC CRUISE MANAGEMENT (UK) LIMITED's employee Ryan was a bartender working at the Horizon Bar on Deck 18 of the MSC *Meraviglia* on the night of February 8, 2023, into the early morning hours of February 9, 2023. While working as a bartender for the cruise line, Ryan over-served alcoholic beverages to the Plaintiff to the point that she was incapable of caring for her own safety or consenting to sexual activity.

192.    Crew member Ryan knew that the Plaintiff was intoxicated. In fact, crew member Ryan had served the Plaintiff drinks himself. Cew member Ryan knew that he could take advantage of the Plaintiff in her intoxicated state.

193.    Crew member Ryan continued to over-serve the Plaintiff alcohol, even after she exhibited clear objective signs of intoxication such as red glassy eyes, the odor of alcohol on her breath, slurred speech, swaying, staggering, stumbling, difficulty standing, boisterous behavior, behavior associated with intoxicated patrons, and disorientation. Crew member observed or should have observed these clear physical signs of intoxication. Despite observing these signs that the Plaintiff was obviously past the point of intoxication where she could take care of herself, crew member Ryan continued to serve the Plaintiff alcohol throughout the night.

194.    On the date of the subject incident, the Defendant's employee committed the intentional acts of sexual assault and/or sexual battery on the Plaintiff, a passenger. The Defendant's crew member Ryan was working at the Horizon Bar. He was over-serving alcohol to a female passenger so he could take advantage of her. The crew member waited for an opportunity to get the Plaintiff alone while she was vulnerable and identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her.  He started this by forcefully kissing the Plaintiff.  The Plaintiff tried to get away but failed.  The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down to her knees. The crew member pulled out his erect penis and shoved it into the Plaintiff's mouth while she tried to get away. The crew member then ejaculated in the Plaintiff's mouth, in her hair, on her face, on her legs and onto her clothing. The Plaintiff did not consent to these sexual acts.

195.    MSC CRUISE MANAGEMENT (UK) LIMITED's crew member Ryan was acting in the course and scope of his employment with the Defendant when he over-served alcohol to the Plaintiff.

196.     MSC CRUISE MANAGEMENT (UK) LIMITED, through the actions and conduct of its employee or agent, actual or apparent, is vicariously liable for over-serving of alcohol to the Plaintiff. When a passenger makes a maritime negligence claim against a shipowner based on an employee's negligence under a theory of vicarious liability, the passenger need not establish that the shipowner had actual or constructive notice of a risk-creating condition. *Yusko v. NCL,* 4 F.4th 1164 (11th Cir. 2021).

197.     **MSC CRUISES MANAGEMENT (UK) LIMITED BREACHED ITS DUTY**: MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to the Plaintiff by its actions and conduct.  MSC CRUISE MANAGEMENT (UK) LIMITED failed to properly train and/or supervise employees not to serve excessive amounts of alcohol to passengers. MSC CRUISE MANAGEMENT (UK) LIMITED failed to warn passengers of the dangers of drinking alcohol to excess on the ship. MSC CRUISE MANAGEMENT (UK) LIMITED failed to properly monitor and count alcoholic beverages to passengers to ensure they did not become overly intoxicated. MSC CRUISE MANAGEMENT (UK) LIMITED failed to promulgate and/or enforce adequate policies and/or procedures to prevent alcohol being over served to passengers. MSC CRUISE MANAGEMENT (UK) LIMITED failed to exercise reasonable care for the safety of its passengers. MSC Cruise Management (UK) Limited continued to serve the Plaintiff alcohol after she displayed physical and verbal signs of being overly intoxicated and failed to assist an obviously intoxicated passenger. MSC CRUISE MANAGEMENT (UK) LIMITED failed to protect or help the Plaintiff after their crew member over served her alcohol. MSC CRUISE MANAGEMENT (UK) LIMITED failed to comply with applicable industry standards, statutes, and/or regulations.

198.     **PROXIMATE CAUSE**: MSC CRUISE MANAGEMENT (UK) LIMITED's negligence in over-serving the Plaintiff alcohol put her at high risk of crime and personal injury,

including sexual battery and/or assault, and proximately caused the Plaintiff's injuries. Had MSC CRUISE MANAGEMENT (UK) LIMITED not over-served alcohol to the Plaintiff, she would have not been overly intoxicated and would never have been sexually assaulted and/or battered and suffered injuries.

199.   **DAMAGES**: MSC CRUISE MANAGEMENT (UK) LIMITED's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT XII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS– MSC CRUISE
## MANAGEMENT (UK) LIMITED.

200.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 40.

201.    This is an action for MSC CRUISE MANAGEMENT (UK) LIMITED's intentional infliction of emotional distress based upon the Defendant's actions and conduct before and after the sexual assault. "Although maritime law does not explicitly provide a cause of action for emotional distress, Plaintiffs may nevertheless state an intentional infliction of emotional distress claim in a maritime context." *Markham v. Carnival Corporation*, 2012 WL 12866787 (S.D. Fla. Dec. 3, 2012)(citing *McAllister v. Royal Caribbean Cruises, Ltd.*, 2003 WL 23192102, at *4 (E.D. Pa. Sept. 30, 2003)); *Wallis v. Princess Cruises, Inc*., 306 F.3d 827, 841 (9th Cir. 2002).

202.    MSC CRUISE MANAGEMENT (UK) LIMITED through the actions and conduct of its employees or agents, actual or apparent is liable for the intentional infliction of emotional distress. MSC CRUISE MANAGEMENT (UK) LIMITED intentionally inflicted emotional distress upon the Plaintiff by its actions and conduct of before and after the sexual assault.

203.    Sexual assault and/or battery is outrageous conduct that goes beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community.  Sexual assault and/or battery can cause and did cause emotional distress to the Plaintiff and the emotional distress was severe.

204.    MSC CRUISE MANAGEMENT (UK) LIMITED's conduct is outrageous and goes beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community.

205.     MSC CRUISE MANAGEMENT (UK) LIMITED's crew member Ryan was a bartender working at the Horizon Bar on Deck 18 of the MSC *Meraviglia* on the night of February 8, 2023, into the early morning hours of February 9, 2023. While working as a bartender for MSC CRUISE MANAGEMENT (UK) LIMITED, Ryan over-served alcoholic beverages to the Plaintiff to the point that she was incapable of caring for her own safety or consenting to sexual activity.

206.     Crew member Ryan knew that the Plaintiff was intoxicated. In fact, crew member Ryan had served the Plaintiff drinks himself. Crew member Ryan knew that he could take advantage of the Plaintiff in her intoxicated state.

207.     Crew member Ryan continued to over-serve the Plaintiff alcohol, even after she exhibited clear objective signs of intoxication such as red glassy eyes, the odor of alcohol on her breath, slurred speech, swaying, staggering, stumbling, difficulty standing, boisterous behavior, behavior associated with intoxicated patrons, and disorientation. Crew member observed or should have observed these clear physical signs of intoxication. Despite observing these signs that the Plaintiff was obviously past the point of intoxication where she could take care of herself, crew member Ryan continued to serve the Plaintiff alcohol throughout the night.

208.     **EXTREME AND OUTRAGEOUS CONDUCT**. On the date of the subject incident, MSC CRUISE MANAGEMENT (UK) LIMITED's employee committed the intentional acts of sexual assault and/or sexual battery on the Plaintiff, a passenger. Crew member Ryan was working at the Horizon Bar. He was over-serving alcohol to a female passenger so he could take advantage of her. The crew member waited for an opportunity to get the Plaintiff alone while she was vulnerable and identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her. He started this by forcefully kissing the Plaintiff.  The Plaintiff tried to get away but failed.  The

crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down to her knees. The crew member pulled out his erect penis and shoved it into the Plaintiff's mouth while she tried to get away. The crew member then ejaculated in the Plaintiff's mouth, in her hair, and onto face, legs, and her clothing.  The Plaintiff did not consent to these sexual acts.

209.    This attack perpetrated by this crew member constitutes extreme and outrageous conduct that exceeds all bounds that are usually tolerated by civilized society.

210.    **DELIBERATE OR RECKLESS INFLICTION OF MENTAL SUFFERING**. MSC CRUISE MANAGEMENT (UK) LIMITED, through the actions and conduct of its employee or agent, actual or apparent, is vicariously or strictly liable for the negligent infliction of emotional distress. The conduct of its crew member was directed at the Plaintiff. The employee or agent, actual or apparent, of MSC CRUISE MANAGEMENT (UK) LIMITED, intentionally inflicted emotional distress upon the Plaintiff by its actions and conduct of sexual assault and battery. This crew member intended to cause or recklessly disregarded the probability of causing the Plaintiff emotional distress by his attack, sexual assault and/or sexual battery on her.

211.    **SEVERE OR EXTREME EMOTIONAL DISTRESS**.  This MSC CRUISE MANAGEMENT (UK) LIMITED crew member's conduct caused the Plaintiff severe emotional distress when he sexually assaulted and/or battered her in the "staff only" room by the Attic Club. The Plaintiff suffered severe emotional distress during the attack where she was forcibly sexually assaulted, during which she reasonably feared for her life and safety and ultimately suffered injuries that could endanger her health and life.  This crew member's extreme and/or outrageous conduct caused the Plaintiff severe or extreme emotional distress that is substantial and/or enduring quality.

212.   **PROXIMATE CAUSE**: This MSC CRUISE MANAGEMENT (UK) LIMITED crew member's outrageous conduct of sexual assault and/or sexual battery proximately caused the Plaintiff to experience severe and extreme emotional distress. As a result of this incident, the Plaintiff suffers from psychological trauma including but not limited to fright and anxiety which manifested itself as multiple physical symptoms including but not limited to trouble sleeping, nightmares, trouble concentrating, and being easily startled.

213.   MSC CRUISE MANAGEMENT (UK) LIMITED endangered Plaintiff's health and life. MSC CRUISE MANAGEMENT (UK) LIMITED's outrageous conduct proximately caused the Plaintiff to experience severe and extreme emotional distress.

214.   **DAMAGES**: MSC CRUISE MANAGEMENT (UK) LIMITED's intentional infliction of emotional distress proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. The Plaintiff suffers from psychological trauma which manifests itself as multiple physical symptoms. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages  recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in

the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT XIII

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS- MSC CRUISE MANAGEMENT (UK) LIMITED.

215.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 40.

216.    This is an action for MSC CRUISE MANAGEMENT (UK) LIMITED's negligent infliction of emotional distress. MSC CRUISE MANAGEMENT (UK) LIMITED's negligence caused the Plaintiff mental distress as a result of the psychological trauma due to the fear of a second violent physical attack, sexual assault and/or sexual battery by MSC CRUISE MANAGEMENT (UK) LIMITED's crew member and MSC CRUISE MANAGEMENT (UK) LIMITED's response thereto.

217.    **DUTIES OWED BY MSC CRUISE MANAGEMENT (UK) LIMITED:** MSC CRUISE MANAGEMENT (UK) LIMITED owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004).  The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991).

218.    MSC CRUISE MANAGEMENT (UK) LIMITED knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous instances of sexual assault, sexual battery, rape, and attacks perpetrated by crew and/or officers on passengers. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships—more fully described herein—sexual assault, sexual battery, rapes and attacks perpetrated by crew members is an on-going and repetitive problem.

219.    MSC CRUISE MANAGEMENT (UK) LIMITED  had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew and/or officers.

220.    In particular, MSC CRUISE MANAGEMENT (UK) LIMITED had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

221.    MSC CRUISE MANAGEMENT (UK) LIMITED had experienced and had actual knowledge of assaults and batteries and sexual crimes, and other violence between passengers and between passengers and crew and anticipated and foresaw that crimes would be perpetrated on passengers aboard cruise ships. MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known of the high risk to its passengers of crime and injury aboard MSC vessels.

222.    The Plaintiff has a "close personal relationship to the directly injured person", that is, the Plaintiff was the directly injured person.

223.    The Plaintiff was involved in the events causing the negligent injury.

224.    On the date of the subject incident, the MSC CRUISE MANAGEMENT (UK) LIMITED's employee committed the intentional acts of sexual assault and/or sexual battery on the

Plaintiff, a passenger. Crew member Ryan was working at the Horizon Bar. He was over-serving alcohol to a female passenger so he could take advantage of her. The crew member waited for an opportunity to get the Plaintiff alone while she was vulnerable and identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her.  He started this by forcefully kissing the Plaintiff.  The Plaintiff tried to get away but failed.  The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down to her knees. The crew member pulled out his erect penis and shoved it into the Plaintiff's mouth while she tried to get away. The crew member then ejaculated in the Plaintiff's mouth, in her hair, and onto face, legs and her clothing.  The Plaintiff did not consent to these sexual acts.

225.    After the violent and traumatic sexual assault, MSC CRUISE MANAGEMENT (UK) LIMITED refused to incarcerate its crew member that perpetrated the attack.

226.    The Plaintiff was unable to leave the cruise, as she did not have a valid passport, and was forced to remain on board and live in fear of a future attack.

227.    MSC CRUISE MANAGEMENT (UK) LIMITED did not tell the Plaintiff the perpetrators whereabouts after the attack, just that he was in a crew area. Because MSC CRUISE MANAGEMENT (UK) LIMITED refused to incarcerate the perpetrator, the Plaintiff lived in constant fear that she would be attacked again.

228.    MSC CRUISE MANAGEMENT (UK) LIMITED endangered the Plaintiff's health and life. MSC CRUISE MANAGEMENT (UK) LIMITED's outrageous conduct caused the Plaintiff to experience severe and extreme emotional distress.

229.    **MSC CRUISE MANAGEMENT (UK) LIMITED BREACHED ITS DUTY**: MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to warn the Plaintiff and other

passengers about the high risk of crime and injury aboard its vessels. MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to provide proper security to ensure the safety of its passengers. MSC CRUISE MANAGEMENT (UK) LIMITED failed to comply with applicable industry standards, statutes, and/or regulations.

230.   **PROXIMATE CAUSE**: MSC CRUISE MANAGEMENT (UK) LIMITED's negligence put the Plaintiff in high risk of crime and personal injury, including sexual battery and/or assault, and proximately caused the Plaintiff's injuries. Had MSC CRUISE MANAGEMENT (UK) LIMITED properly warned passengers of the high risk of crime aboard its ships and provided proper security, the Plaintiff would never have been sexually assaulted and/or battered and suffered injuries, including severe emotional distress.

231.   **DAMAGES**: MSC CRUISE MANAGEMENT (UK) LIMITED's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the

past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT XVI

## NEGLIGENT FAILURE TO WARN- MSC CRUISE MANAGEMENT (UK) LIMITED.

232.    The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1- 45.

233.    This is an action for negligence of MSC CRUISE MANAGEMENT (UK) LIMITED's failing to warn passengers, including the Plaintiff, of known dangers in places where passengers are invited or reasonably expected to visit.  MSC CRUISE MANAGEMENT (UK) LIMITED anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels.  MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known of the high risk to its passengers of crime and injury aboard the vessels is enhanced by copious quantities of alcohol on its vessels. Also, it is expected that passengers, including the Plaintiff, will interact with MSC CRUISE MANAGEMENT (UK) LIMITED's crew members throughout its cruises.

234.    **DUTIES OWED BY MSC CRUISE MANAGEMENT (UK) LIMITED.**: MSC CRUISE MANAGEMENT (UK) LIMITED owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D.

Fla. 1991). Additionally, the Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

235.     MSC CRUISE MANAGEMENT (UK) LIMITED at all relevant times, as well as other major cruise lines, have been required to keep records of all complaints about certain crimes, which include sexual assault, sexual battery and/or rape.  Cruise lines, including MSC Cruises, must report complaints of sexual assault and rape to the FBI and the Department of Transportation. *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels. 46 U.S.C. §3507(g)(4).  These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports.    According to the Department of Transportation, sexual assault is the most common crime reported on cruise ships. For example, in 2022, cruise lines reported 67 crimes to the Department of Transportation, 57 of which involved sexual assaults.

236.     MSC CRUISE MANAGEMENT (UK) LIMITED documents and, as a matter of law, must report prior incidents involving rape, sexual assault, assault and other crimes, which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior

complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.

237. MSC CRUISE MANAGEMENT (UK) LIMITED knows that the most commonly reported crime on cruise ships is sexual assault. MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known to warn its passengers, including the plaintiff, about the high risk to its passengers of rape, sexual assault, assault and sexual battery and injury aboard the vessels. MSC failed to warn the plaintiff of this danger and because of that failure, she was unaware she needed to take any special precautions while aboard MSC CRUISE MANAGEMENT (UK) LIMITED's ship.

238. **NOTICE: PRIOR INCIDENTS.** MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that sexual assaults on board its ships are a serious problem because of prior similar incidents. *K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"); See *Taiarol v. MSC Crociere S.A.*, 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

239. **NOTICE: ON-GOING, REPETITIVE PROBLEM.** Additionally, MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that sexual assaults on board its ships are an on-going repetitive problem.

240.    **MSC CRUISE MANAGEMENT (UK) LIMITED BREACHED ITS DUTY**:
MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to warn the Plaintiff of the
dangerous condition and breached its duties to the Plaintiff by its actions and conduct. MSC
CRUISE MANAGEMENT (UK) LIMITED, through its crew members, failed to warn its
passengers, including the Plaintiff, about the high risk to passengers of crime and injury aboard
MSC CRUISE MANAGEMENT (UK) LIMITED's vessels. MSC CRUISE MANAGEMENT
(UK) LIMITED failed to distribute any written materials and/or memos; provide warnings on its
website; make audible announcements; play video warning messages or other types of warnings
to its passengers that they are at high risk of crime and injury aboard MSC CRUISE
MANAGEMENT (UK) LIMITED's vessels. MSC CRUISE MANAGEMENT (UK) LIMITED
also failed to comply with applicable industry standards, statutes, and/or regulations.

241.    **PROXIMATE CAUSE**: MSC CRUISE MANAGEMENT (UK) LIMITED's
failure to properly warn the Plaintiff of the high risk of crime and personal injury, including sexual
assault and/or assault, proximately caused the Plaintiff's injuries.   Had MSC CRUISE
MANAGEMENT (UK) LIMITED properly warned the Plaintiff of the dangerous condition, she
would never have taken the subject cruise and would never have been sexually assaulted.

242.    **DAMAGES**: MSC CRUISE MANAGEMENT (UK) LIMITED's negligence
proximately caused permanent injuries and damages to the Plaintiff in the past and in the future.
Those injuries and damages include but are not limited to economic damages including medical,
psychological, and other related expenses in the past and in the future; household and other related
expenses in the past and in the future; and past lost wages and compensation and loss of income earning
capacity for the future.  Those injuries and damages also include but are not limited to non-economic
damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental

anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT XV**</u>

<u>**NEGLIGENT SECURITY- MSC CRUISE MANAGEMENT (UK) LIMITED**</u>

243.    The Plaintiff adopts and realleges each and every allegation in paragraphs 1 through 40.

244.    This is an action for MSC CRUISE MANAGEMENT (UK) LIMITED's negligent security on board the *MSC Meraviglia,* which allowed MSC CRUISE MANAGEMENT (UK) LIMITED's crew member to sexually assault the Plaintiff.

245.    <u>**DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.**</u> The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004)

citing *Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

246.    MSC CRUISE MANAGEMENT (UK) LIMITED knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

247.    MSC Cruises represents that "public areas are monitored by cameras, and highly trained Ship Security Officers continuously patrol the ship and are on emergency call 24/7."[19]

248.    Passengers, such as the Plaintiff, rely upon MSC CRUISE MANAGEMENT (UK) LIMITED to monitor these cameras and provide adequate ship security to protect them from harm.

249.    **NOTICE: PRIOR INCIDENTS.** MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that sexual assaults on board its ships are a serious problem because of prior similar incidents. *K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"); See *Taiarol v. MSC Crociere S.A.*, 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the

---

[19] *See* https://www.msccruisesusa.com/faq/safety

nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

250. **NOTICE: ON-GOING, REPETITIVE PROBLEM.** Additionally, MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that sexual assaults on board its ships are an on-going repetitive problem.

251. **MSC CRUISE MANAGEMENT (UK) LIMITED BREACHED ITS DUTY**: MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to the Plaintiff. MSC CRUISE MANAGEMENT (UK) LIMITED failed to install a sufficient amount of security cameras on the cruise ship in the passenger areas and other public areas, which are monitored by security personnel, which could serve as a deterrent to incidents of sexual assault or permit MSC CRUISE MANAGEMENT (UK) LIMITED to respond to such incidents. Because there were not a sufficient amount of security cameras and the security cameras that the ship does have are not adequately monitored, there were no security officers watching the cameras to see that crew member Ryan took the Plaintiff from the bar to an empty "staff only" room. Because the security cameras were not adequately monitored crew member Ryan was able to take the Plaintiff into an empty "staff only" room and sexually assault her.

252. MSC CRUISE MANAGEMENT (UK) LIMITED also breached its duties by failing to provide a reasonable number of experienced and trained security officers, supervisors, and guards on the cruise ship and/or otherwise provide adequate security to its passengers. Because there was not a sufficient amount of security officers on the ship, the security officers were not adequately patrolling the ship. Had there been an adequate amount of security officers patrolling the ship, a security officer would have patrolled and discovered that crew member Ryan had taken the Plaintiff from the bar to an empty room and forcibly sexually assaulted her.

253.   MSC CRUISE MANAGEMENT (UK) LIMITED also breached its duties by failing to promulgate and enforce reasonable rules and regulations regarding preventing sexual harassment and assault from occurring. MSC CRUISE MANAGEMENT (UK) LIMITED also failed to ascertain the cause of prior similar accidents so as to take measures to prevent the re-occurrence of sexual harassment and assaults. MSC CRUISE MANAGEMENT (UK) LIMITED failed to investigate the hazards and assess risks to passengers, like the Plaintiff and then take the necessary steps to eliminate or minimize the hazards and risks and/or warn passengers, like the Plaintiff, of the dangers from the hazards and risks. MSC CRUISE MANAGEMENT (UK) LIMITED failed to comply with applicable industry standards, statutes, and/or regulations.

254.   Additionally, MSC CRUISE MANAGEMENT (UK) LIMITED breached its duties by failing to implement a method of operation that was reasonable and safe and would prevent dangerous conditions such as the one in this case. Because MSC CRUISE MANAGEMENT (UK) LIMITED failed to implement a method of operation which would prevent dangerous conditions such as the one in this case, no security officer went to find out why crew member Ryan had taken the Plaintiff to an empty room "staff only" area and forcibly sexually assaulted her. Because no security officer went to find out why crew member Ryan had taken the Plaintiff to an empty room, Ryan was able to sexually assault and/or assault the Plaintiff.

255.   **PROXIMATE CAUSE**: MSC CRUISE MANAGEMENT (UK) LIMITED's failures put the Plaintiff in high risk of crime and personal injury, including rape, sexual assault and/or sexual battery proximately caused the Plaintiff's injuries.   Had MSC CRUISE MANAGEMENT (UK) LIMITED properly implemented a security system, the Plaintiff would never have been  sexually assaulted and/or sexually battered.

256.    **DAMAGES**: MSC CRUISE MANAGEMENT (UK) LIMITED's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT XVI**</u>

<u>**NEGLIGENT SUPERVISION- MSC CRUISE MANAGEMENT (UK)**</u>

<u>**LIMITED**</u>

257.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 40.

258.    This is an action for MSC CRUISE MANAGEMENT (UK) LIMITED's negligent supervision of the crew member who sexually assaulted the Plaintiff on board *MSC Meraviglia.*

259.    **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

260.    MSC CRUISE MANAGEMENT (UK) LIMITED had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault and battery by crew and/or officers.  In particular, MSC CRUISE MANAGEMENT (UK) LIMITED had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault and sexual battery and physical battery, which was reasonably foreseeable.

261.    MSC CRUISE MANAGEMENT (UK) LIMITED knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous sexual assaults, sexual batteries, and attacks perpetrated by crew and/or officers on passengers.

262.    **NOTICE: PRIOR INCIDENTS.** MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that sexual assaults on board its ships are a serious problem

because of prior similar incidents. *K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"); See *Taiarol v. MSC Crociere S.A*., 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

263.     **NOTICE: ON-GOING, REPETITIVE PROBLEM.**     Additionally, MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that sexual assaults on board its ships are an on-going repetitive problem.

264.     **NOTICE: LENGTH OF TIME.** MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that crew member Ryan posed a danger to passengers and was not being properly supervised by the length of time he was allowed to spend over serving the Plaintiff alcohol and the length of time he was able to have her alone in a "staff only" area.

265.     Crew member Ryan spent hours bartending the night of the incident and was allowed to serve multiple alcoholic beverages, over that large time frame, to the visibly obviously intoxicated Plaintiff.

266.     After spending hours bartending, crew member Ryan was able to remove the Plaintiff from the public bar area and take her into a "staff only" area. Crew member Ryan forcibly kept the Plaintiff in this "staff only" area for an unreasonably long amount of time. He kept the

Plaintiff in this room long enough to forcibly kiss her and forcibly orally penetrated her with his penis until he ejaculated.

267.   **MSC CRUISE MANAGEMENT (UK) LIMITED BREACHED ITS DUTY**: MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures that failed to reasonably monitor and supervise its onboard crew. MSC CRUISE MANAGEMENT (UK) LIMITED failed to implement and follow reasonable procedures and methods to supervise, monitor, and/or review crew member conduct and interactions with MSC CRUISE MANAGEMENT (UK) LIMITED's passengers.   MSC CRUISE MANAGEMENT (UK) LIMITED failed to reasonably and properly control its employees and/or provide rules, regulations, policies and/or procedures for MSC CRUISE MANAGEMENT (UK) LIMITED's employees regarding conduct and/or fraternization with passengers.   MSC CRUISE MANAGEMENT (UK) LIMITED failed to comply with applicable industry standards, statutes, and/or regulations.

268.   **PROXIMATE CAUSE**: MSC CRUISE MANAGEMENT (UK) LIMITED's failure to properly monitor and supervise its crew members put the Plaintiff in high risk of crime and personal injury, including sexual assault and/or sexual battery proximately caused the Plaintiff's injuries.  Had MSC CRUISE MANAGEMENT (UK) LIMITED properly monitored and supervised its crew members the Plaintiff would never have been sexually assaulted and/or assaulted.

269.   **DAMAGES**: MSC CRUISE MANAGEMENT (UK) LIMITED's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related

expenses in the past and in the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT XVII**</u>

<u>**NEGLIGENT OVER-SERVING OF ALCOHOL– ACTUAL AGENCY: MSC CRUISES S.A. AND MSC CRUISE MANAGEMENT (UK) LTD**</u>

270.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 40.

271.    This is an action for MSC CRUISES S.A.'s negligent over-serving of alcohol to the Plaintiff past the point of intoxication where she was unable to look after her own safety and was violently sexually assaulted by a cruise line employee.

272.    At all times material hereto, MSC CRUISES S.A. acknowledged as principal that the agent, MSC CRUISE MANAGEMENT (UK) LIMITED, would act for MSC CRUISES S.A.

MSC CRUISE MANAGEMENT (UK) LIMITED, as agent, accepted the undertaking and control by the principal, MSC CRUISES S.A. over the actions of the agent, MSC CRUISE MANAGEMENT (UK) LIMITED.  As such, Defendant MSC CRUISES S.A. was at all times material hereto vicariously responsible and liable for the acts, omissions, and/or conduct of its actual agent, MSC CRUISE MANAGEMENT (UK) LIMITED.

273.    At all times material hereto and upon information and belief MSC CRUISE MANAGEMENT (UK) LIMITED acted as the actual agent of MSC CRUISES S.A. by virtue of the fact that:

a.  At all times materials the activities over which MSC CRUISES S.A. had control were the activities which formed the negligence of the Defendant.

b.  MSC CRUISES S.A.operates and/or charters MSC ships by controlling MSC CRUISE MANAGEMENT (UK) LIMITED. MSC CRUISE MANAGEMENT (UK) LIMITED accepted and consented to MSC CRUISES S.A.being their principal.

c.  At all times material hereto, MSC CRUISES S.A. controlled MSC CRUISE MANAGEMENT (UK) LIMITED work and schedules for crewmembers/employees, provided crewmembers/employees instructions about how to perform their work, monitored the performance and/or work conducted by crewmembers/employees, and/or controlled the hierarchy of crew/employees while onboard the subject ship or working shoreside for the subject ship.

d.  At all relevant times, upon information and belief MSC CRUISE MANAGEMENT (UK) LIMITED is owned in whole or in part as a subsidiary of MSC CRUISES S.A.

e.  MSC CRUISE MANAGEMENT (UK) LIMITED accepted to act as MSC CRUISES S.A.'s agent under an agreement or contract (either written or implied) with MSC CRUISES S.A. Based upon information and belief, the scope of that contract and/or agreement included that MSC Cruise Management (UK) Limited would manage, develop policies and procedures, MSC CRUISES S.A. operated ships with management services, employees and/or crewmembers for passenger voyages, including the subject voyage in this case onboard MSC *Meraviglia.*

f.  MSC CRUISES S.A.controlled MSC CRUISE MANAGEMENT (UK) LIMITED's action in its operation and/or management of MSC ships, including in this case, the MSC *Meraviglia*.

g.  At all times material hereto, MSC CRUISES S.A. as operator of the subject ship controlled the discipline of MSC CRUISE MANAGEMENT (UK) LIMITED.  MSC CRUISES S.A. retained the ultimate control by being able to fire or terminate the work of crewmembers serving aboard ships and/or shoreside which it operates and/or had the ability to direct MSC CRUISE MANAGEMENT (UK) LIMITED to terminate crew members.

274.  **DUTIES OWED BY MSC CRUISES S.A.**: MSC CRUISES S.A. owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004).  The Defendant also

owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991).

275.    This duty of reasonable care under the circumstances includes protecting passengers from becoming intoxicated to the extent they are not able to look after their own safety. This duty of reasonable care also includes protecting passengers who become intoxicated. *See Hall v. Royal Caribbean Cruises, Ltd.* 888 So.2d 654 (3rd DCA Fla. 2004).

276.    MSC CRUISES S.A. had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

277.    MSC CRUISES S.A. had experienced and had actual knowledge of assaults and batteries and sexual crimes, and other violence between passengers and between passengers and crew and anticipated and foresaw that crimes would be perpetrated on passengers aboard cruise ships. MSC CRUISES S.A. knew or should have known of the high risk to its passengers of crime and injury aboard MSC CRUISES S.A.'s vessels.

278.    MSC CRUISES S.A. knew or should have known from prior similar incidents that over-serving alcohol to passengers creates a dangerous condition. Such as with former passenger Joshua Beadle who was on board the *MSC Divina* on November 23, 2013, Beadle was a victim of sexual assault after being over-served alcohol. *Beadle v. MSC Crociere*, Case Number: 1:14-cv-23819-JAL.

279.    MSC CRUISES S.A. knew or should have known that the high risk to its passengers of sexual assault or sexual battery was enhanced by it's over serving of alcohol to the Plaintiff.

280.    MSC CRUISES S.A. knows from prior incidents that over-serving alcohol to passengers may cause them to be injured or may cause them to be victims of sexual assault or battery.

Because of this, MSC CRUISES S.A.'s duty of reasonable care under the circumstances includes not over-serving alcohol to passengers and monitoring/ protecting passengers that have become overly intoxicated.

281.   MSC CRUISES S.A. crew member Ryan was a bartender working at the Horizon Bar on Deck 18 of the MSC *Meraviglia* on the night of February 8, 2023, into the early morning hours of February 9, 2023. While working as a bartender for the cruise line, Ryan over-served alcoholic beverages to the Plaintiff to the point that she was incapable of caring for her own safety or consenting to sexual activity.

282.   Crew member Ryan knew that the Plaintiff was intoxicated. In fact, crew member Ryan had served the Plaintiff drinks himself.  Crew member Ryan knew that he could take advantage of the Plaintiff in her intoxicated state.

283.   Crew member Ryan continued to over-serve the Plaintiff alcohol, even after she exhibited clear objective signs of intoxication such as red glassy eyes, the odor of alcohol on her breath, slurred speech, swaying, staggering, stumbling, difficulty standing, boisterous behavior, behavior associated with intoxicated patrons, and disorientation. The crew member observed or should have observed these clear physical signs of intoxication. Despite observing these signs that the Plaintiff was obviously past the point of intoxication where she could take care of herself, crew member Ryan continued to serve the Plaintiff alcohol throughout the night.

284.   On the date of the subject incident, the cruise line employee committed the intentional acts of sexual assault and/or sexual battery on the Plaintiff, a passenger. Crew member Ryan was working at the Horizon Bar. He was over-serving alcohol to a female passenger so he could take advantage of her. The crew member waited for an opportunity to get the Plaintiff alone while she was vulnerable and identified this moment as his opportunity to sexually assault her.

This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her.  He started this by forcefully kissing the Plaintiff.  The Plaintiff tried to get away but failed. The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down to her knees. The crew member pulled out his erect penis and shoved it into the Plaintiff's mouth while she tried to get away. The crew member then ejaculated in the Plaintiff's mouth, in her hair, on her face, on her legs and onto her clothing. The Plaintiff did not consent to these sexual acts.

285.    MSC CRUISES S.A.'s crew member Ryan was acting in the course and scope of his employment with the Defendant when he over-served alcohol to the Plaintiff.

286.    MSC CRUISES S.A., through the actions and conduct of its employee or agent, actual or apparent, is vicariously liable for over-serving of alcohol to the Plaintiff. When a passenger makes a maritime negligence claim against a shipowner based on an employee's negligence under a theory of vicarious liability, the passenger need not establish that the shipowner had actual or constructive notice of a risk-creating condition. *Yusko v. NCL,* 4 F.4th 1164 (11th Cir. 2021).

287.    **<u>MSC CRUISES S.A. BREACHED ITS DUTY</u>**: MSC CRUISES S.A. breached its duty to the Plaintiff by its actions and conduct.  MSC CRUISES S.A. failed to properly train and/or supervise employees not to serve excessive amounts of alcohol to passengers. MSC CRUISES S.A. failed to warn passengers of the dangers of drinking alcohol to excess on the ship. MSC CRUISES S.A. failed to properly monitor and count alcoholic beverages to passengers to ensure they did not become overly intoxicated. MSC CRUISES S.A. failed to promulgate and/or enforce adequate policies and/or procedures to prevent alcohol being over served to passengers. MSC CRUISES S.A. failed to exercise reasonable care for the safety of its passengers. MSC

CRUISES S.A. continued to serve the Plaintiff alcohol after she displayed physical and verbal signs of being overly intoxicated and failed to assist an obviously intoxicated passenger. MSC CRUISES S.A. failed to protect or help the Plaintiff after their crew member over served her alcohol. MSC CRUISES S.A. failed to comply with applicable industry standards, statutes, and/or regulations.

288.   **PROXIMATE CAUSE**: MSC CRUISES S.A.'s negligence in over-serving the Plaintiff alcohol put her at high risk of crime and personal injury, including sexual battery and/or assault, and proximately caused the Plaintiff's injuries. Had MSC CRUISES S.A. not over-served alcohol to the Plaintiff, she would have not been overly intoxicated and would never have been sexually assaulted and/or battered and suffered injuries.

289.   **DAMAGES**: MSC CRUISES S.A.'s negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in

the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT XVIII

### NEGLIGENT FAILURE TO WARN- ACTUAL AGENCY: MSC CRUISE MANAGEMENT (UK) LIMITED AND MSC CRUSES S.A.

290.    The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 40.

291.    This is an action for negligence as MSC CRUISES S.A. is vicariously responsible and liable for the acts, omissions, and/or conduct of its actual agent, MSC CRUISE MANAGEMENT (UK) LIMITED's failing to warn passengers, including the Plaintiff, of known dangers in places where passengers are invited or reasonably expected to visit.  MSC CRUISES S.A. anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels. MSC CRUISES S.A. knew or should have known of the high risk to its passengers of crime and injury aboard the vessels is enhanced by copious quantities of alcohol on its vessels. Also, it is expected that passengers, including the Plaintiff, will interact with the MSC CRUISES S.A.'s crew members throughout its cruises.

292.    At all times material hereto, MSC CRUISES S.A. acknowledged as principal that the agent, MSC CRUISE MANAGEMENT (UK) LIMITED, would act for MSC CRUISES S.A. MSC CRUISE MANAGEMENT (UK) LIMITED, as agent, accepted the undertaking and control by the principal, MSC CRUISES S.A. over the actions of the agent, MSC CRUISE MANAGEMENT (UK) LIMITED.  As such, Defendant MSC CRUISES S.A. was at all times

material hereto vicariously responsible and liable for the acts, omissions, and/or conduct of its actual agent, MSC CRUISE MANAGEMENT (UK) LIMITED.

293.    At all times material hereto and upon information and belief MSC CRUISE MANAGEMENT (UK) LIMITED acted as the actual agent of MSC CRUISES S.A. by virtue of the fact that:

    a.  At all times materials the activities over which MSC CRUISES S.A. had control were the activities which formed the negligence of the Defendant.

    b.  MSC CRUISES S.A.operates and/or charters MSC ships by controlling MSC CRUISE MANAGEMENT (UK) LIMITED. MSC CRUISE MANAGEMENT (UK) LIMITED accepted and consented to MSC CRUISES S.A.being their principal.

    c.  At all times material hereto, MSC CRUISES S.A. controlled MSC CRUISE MANAGEMENT (UK) LIMITED work and schedules for crewmembers/employees, provided crewmembers/employees instructions about how to perform their work, monitored the performance and/or work conducted by crewmembers/employees, and/or controlled the hierarchy of crew/employees while onboard the subject ship or working shoreside for the subject ship.

    d.  At all relevant times, upon information and belief MSC CRUISE MANAGEMENT (UK) LIMITED is owned in whole or in part as a subsidiary of MSC CRUISES S.A.

    e.  MSC CRUISE MANAGEMENT (UK) LIMITED accepted to act as MSC CRUISES S.A.'s agent under an agreement or contract (either written or

implied) with MSC CRUISES S.A. Based upon information and belief, the scope of that contract and/or agreement included that MSC Cruise Management (UK) Limited would manage, develop policies and procedures, MSC CRUISES S.A. operated ships with management services, employees and/or crewmembers for passenger voyages, including the subject voyage in this case onboard MSC *Meraviglia*.

f.   MSC CRUISES S.A. controlled MSC CRUISE MANAGEMENT (UK) LIMITED's action in its operation and/or management of MSC ships, including in this case, the MSC *Meraviglia*.

g.   At all times material hereto, MSC CRUISES S.A. as operator of the subject ship controlled the discipline of MSC CRUISE MANAGEMENT (UK) LIMITED.  MSC CRUISES S.A. retained the ultimate control by being able to fire or terminate the work of crewmembers serving aboard ships and/or shoreside which it operates and/or had the ability to direct MSC CRUISE MANAGEMENT (UK) LIMITED to terminate crew members.

294.   **DUTIES OWED BY MSC CRUISES S.A.**: MSC CRUISES S.A. owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). Additionally, the Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its

passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

295.    MSC CRUISES S.A. at all relevant times, as well as other major cruise lines, have been required to keep records of all complaints about certain crimes, which include sexual assault, sexual battery and/or rape.  Cruise lines, including MSC Cruises, must report complaints of sexual assault and rape to the FBI and the Department of Transportation.  *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels.   46 U.S.C. §3507(g)(4).  These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports.    According to the Department of Transportation, sexual assault is the most common crime reported on cruise ships. For example, in 2022, cruise lines reported 67 crimes to the Department of Transportation, 57 of which involved sexual assaults.

296.    MSC CRUISES S.A documents and, as a matter of law, must report prior incidents involving rape, sexual assault, assault and other crimes, which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.

297.    MSC CRUISES S.A. knows that the most commonly reported crime on cruise ships is sexual assault. MSC CRUISES S.A. knew or should have known to warn its passengers, including the plaintiff, about the high risk to its passengers of rape, sexual assault, assault and

sexual battery and injury aboard the vessels. MSC CRUISES S.A. failed to warn the plaintiff of this danger and because of that failure, she was unaware she needed to take any special precautions while aboard the subject ship.

298. **NOTICE: PRIOR INCIDENTS.** MSC CRUISES S.A. knew or should have known that sexual assaults on board its ships are a serious problem because of prior similar incidents. *K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"); See *Taiarol v. MSC Crociere S.A.*, 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

299. **NOTICE: ON-GOING, REPETITIVE PROBLEM.** Additionally, MSC CRUISES S.A. knew or should have known that sexual assaults on board its ships are an on-going repetitive problem.

300. **MSC BREACHED ITS DUTY**: MSC CRUISES S.A. breached its duty to warn the Plaintiff of the dangerous condition and breached its duties to the Plaintiff by its actions and conduct. MSC CRUISES S.A., through its crew members, failed to warn its passengers, including the Plaintiff, about the high risk to passengers of crime and injury aboard the subject vessel. MSC CRUISES S.A. failed to distribute any written materials and/or memos; provide warnings on its website; make audible announcements; play video warning messages or other types of warnings

to its passengers that they are at high risk of crime and injury while on their cruise line. MSC CRUISES S.A. also failed to comply with applicable industry standards, statutes, and/or regulations.

301.   **PROXIMATE CAUSE**: MSC CRUISES S.A.'s failure to properly warn the Plaintiff of the high risk of crime and personal injury, including sexual assault and/or assault, proximately caused the Plaintiff's injuries.  Had MSC CRUISES S.A. properly warned the Plaintiff of the dangerous condition, she would never have taken the subject cruise and would never have been sexually assaulted.

302.   **DAMAGES**: MSC CRUISES S.A.'s negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court

costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT XIX

### NEGLIGENT SECURITY ACTUAL AGENCY: MSC CRUISE MANAGEMENT (UK) LIMITED AND MSC CRUSES S.A.

303.     The Plaintiff adopts and realleges each and every allegation in paragraphs 1 through 40.

304.     MSC CRUISES S.A.'s is vicariously responsible for the acts, omissions, and/or conduct of its actual agent, MSC CRUISE MANAGEMENT (UK) LIMITED's negligent security on board the *MSC Meraviglia,* which allowed one of MSC CRUISES S.A.'s cruise line crew members to sexually assault the Plaintiff.

305.     At all times material hereto, MSC CRUISES S.A. acknowledged as principal that the agent, MSC CRUISE MANAGEMENT (UK) LIMITED, would act for MSC CRUISES S.A. MSC CRUISE MANAGEMENT (UK) LIMITED, as agent, accepted the undertaking and control by the principal, MSC CRUISES S.A. over the actions of the agent, MSC CRUISE MANAGEMENT (UK) LIMITED.  As such, Defendant MSC CRUISES S.A. was at all times material hereto vicariously responsible and liable for the acts, omissions, and/or conduct of its actual agent, MSC CRUISE MANAGEMENT (UK) LIMITED.

306.     At all times material hereto and upon information and belief MSC CRUISE MANAGEMENT (UK) LIMITED acted as the actual agent of MSC CRUISES S.A. by virtue of the fact that:

    a.   At all times materials the activities over which MSC CRUISES S.A. had control were the activities which formed the negligence of the Defendant.

b.  MSC CRUISES S.A.operates and/or charters MSC ships by controlling MSC CRUISE MANAGEMENT (UK) LIMITED. MSC CRUISE MANAGEMENT (UK) LIMITED accepted and consented to MSC CRUISES S.A.being their principal.

c.  At all times material hereto, MSC CRUISES S.A. controlled MSC CRUISE MANAGEMENT (UK) LIMITED work and schedules for crewmembers/employees, provided crewmembers/employees instructions about how to perform their work, monitored the performance and/or work conducted by crewmembers/employees, and/or controlled the hierarchy of crew/employees while onboard the subject ship or working shoreside for the subject ship.

d.  At all relevant times, upon information and belief MSC CRUISE MANAGEMENT (UK) LIMITED is owned in whole or in part as a subsidiary of MSC CRUISES S.A.

e.  MSC CRUISE MANAGEMENT (UK) LIMITED accepted to act as MSC CRUISES S.A.'s agent under an agreement or contract (either written or implied) with MSC CRUISES S.A. Based upon information and belief, the scope of that contract and/or agreement included that MSC Cruise Management (UK) Limited would manage, develop policies and procedures, MSC CRUISES S.A. operated ships with management services, employees and/or crewmembers for passenger voyages, including the subject voyage in this case onboard MSC *Meraviglia.*

    f.   MSC CRUISES S.A. controlled MSC CRUISE MANAGEMENT (UK) LIMITED's action in its operation and/or management of MSC ships, including in this case, the MSC *Meraviglia*.

    g.   At all times material hereto, MSC CRUISES S.A. as operator of the subject ship controlled the discipline of MSC CRUISE MANAGEMENT (UK) LIMITED.  MSC CRUISES S.A. retained the ultimate control by being able to fire or terminate the work of crewmembers serving aboard ships and/or shoreside which it operates and/or had the ability to direct MSC CRUISE MANAGEMENT (UK) LIMITED to terminate crew members.

307.   **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.**  The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

308.   MSC CRUISES S.A. knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

309.     MSC Cruises represents that "public areas are monitored by cameras, and highly trained Ship Security Officers continuously patrol the ship and are on emergency call 24/7."[20]

310.     Passengers, such as the Plaintiff, rely upon MSC CRUISES S.A. to monitor these cameras and provide adequate ship security to protect them from harm.

311.     **NOTICE: PRIOR INCIDENTS.** MSC CRUISES S.A. knew or should have known that sexual assaults on board its ships are a serious problem because of prior similar incidents. *K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"); See *Taiarol v. MSC Crociere S.A.*, 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

312.     **NOTICE: ON-GOING, REPETITIVE PROBLEM.**     Additionally, MSC CRUISES S.A. knew or should have known that sexual assaults on board its ships are an on-going repetitive problem.

313.     **MSC CRUISES S.A. BREACHED ITS DUTY**: MSC CRUISES S.A. breached its duty to the Plaintiff. MSC CRUISES S.A. failed to install a sufficient amount of security cameras on the cruise ship in the passenger areas and other public areas, which are monitored by security personnel, which could serve as a deterrent to incidents of sexual assault or permit MSC

---

[20] *See* https://www.msccruisesusa.com/faq/safety

CRUISES S.A. to respond to such incidents. Because there were not a sufficient amount of security cameras and the security cameras that the ship does have are not adequately monitored, there were no security officers watching the cameras to see that crew member Ryan took the Plaintiff from the bar to an empty "staff only" room. Because the security cameras were not adequately monitored crew member Ryan was able to take the Plaintiff into an the empty "staff only" room and sexually assault her.

314. MSC CRUISES S.A. also breached its duties by failing to provide a reasonable number of experienced and trained security officers, supervisors, and guards on the cruise ship and/or otherwise provide adequate security to its passengers. Because there was not a sufficient amount of security officers on the ship, the security officers were not adequately patrolling the ship. Had there been an adequate amount of security officers patrolling the ship, a security officer would have patrolled and discovered that crew member Ryan had taken the Plaintiff from the bar to an empty room and forcibly sexually assaulted her.

315. MSC CRUISES S.A. also breached its duties by failing to promulgate and enforce reasonable rules and regulations regarding preventing sexual harassment and assault from occurring. MSC CRUISES S.A. also failed to ascertain the cause of prior similar accidents so as to take measures to prevent the re-occurrence of sexual harassment and assaults. MSC CRUISES S.A. failed to investigate the hazards and assess risks to passengers, like the Plaintiff and then take the necessary steps to eliminate or minimize the hazards and risks and/or warn passengers, like the Plaintiff, of the dangers from the hazards and risks. MSC CRUISES S.A. failed to comply with applicable industry standards, statutes, and/or regulations.

316. Additionally, MSC CRUISES S.A. breached its duties by failing to implement a method of operation that was reasonable and safe and would prevent dangerous conditions such as

the one in this case. Because MSC CRUISES S.A. failed to implement a method of operation which would prevent dangerous conditions such as the one in this case, no security officer went to find out why crew member Ryan had taken the Plaintiff to an empty room "staff only" area and forcibly sexually assaulted her. Because no security officer went to find out why crew member Ryan had taken the Plaintiff to an empty room, Ryan was able to sexually assault and/or assault the Plaintiff.

317.   **PROXIMATE CAUSE**: MSC CRUISES S.A.'s failures put the Plaintiff in high risk of crime and personal injury, including rape, sexual assault and/or sexual battery proximately caused the Plaintiff's injuries.  Had MSC CRUISES S.A. properly implemented a security system, the Plaintiff would never have been sexually assaulted and/or sexually battered.

318.   **DAMAGES**: MSC CRUISES S.A.'s negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic

damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT XX

## NEGLIGENT SUPERVISION- ACTUAL AGENCY: MSC CRUISE MANAGEMENT (UK) LIMITED AND MSC CRUSES S.A.

319.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 40, above.

320.    MSC CRUISES S.A.'s is vicariously responsible for the acts, omissions, and/or conduct of its actual agent, MSC CRUISE MANAGEMENT (UK) LIMITED's negligent supervision of the crew member who sexually assaulted the Plaintiff on board *MSC Meraviglia.*

321.    At all times material hereto, MSC CRUISES S.A. acknowledged as principal that the agent, MSC CRUISE MANAGEMENT (UK) LIMITED, would act for MSC CRUISES S.A. MSC CRUISE MANAGEMENT (UK) LIMITED, as agent, accepted the undertaking and control by the principal, MSC CRUISES S.A. over the actions of the agent, MSC CRUISE MANAGEMENT (UK) LIMITED.  As such, Defendant MSC CRUISES S.A. was at all times material hereto vicariously responsible and liable for the acts, omissions, and/or conduct of its actual agent, MSC CRUISE MANAGEMENT (UK) LIMITED.

322.    At all times material hereto and upon information and belief MSC CRUISE MANAGEMENT (UK) LIMITED acted as the actual agent of MSC CRUISES S.A. by virtue of the fact that:

a. At all times materials the activities over which MSC CRUISES S.A. had control were the activities which formed the negligence of the Defendant.

b. MSC CRUISES S.A.operates and/or charters MSC ships by controlling MSC CRUISE MANAGEMENT (UK) LIMITED. MSC CRUISE MANAGEMENT (UK) LIMITED accepted and consented to MSC CRUISES S.A.being their principal.

c. At all times material hereto, MSC CRUISES S.A. controlled MSC CRUISE MANAGEMENT (UK) LIMITED work and schedules for crewmembers/employees, provided crewmembers/employees instructions about how to perform their work, monitored the performance and/or work conducted by crewmembers/employees, and/or controlled the hierarchy of crew/employees while onboard the subject ship or working shoreside for the subject ship.

d. At all relevant times, upon information and belief MSC CRUISE MANAGEMENT (UK) LIMITED is owned in whole or in part as a subsidiary of MSC CRUISES S.A.

e. MSC CRUISE MANAGEMENT (UK) LIMITED accepted to act as MSC CRUISES S.A.'s agent under an agreement or contract (either written or implied) with MSC CRUISES S.A. Based upon information and belief, the scope of that contract and/or agreement included that MSC Cruise Management (UK) Limited would manage, develop policies and procedures, MSC CRUISES S.A. operated ships with management services, employees

and/or crewmembers for passenger voyages, including the subject voyage in this case onboard MSC *Meraviglia.*

    f.   MSC CRUISES S.A. controlled MSC CRUISE MANAGEMENT (UK) LIMITED's action in its operation and/or management of MSC ships, including in this case, the MSC *Meraviglia.*

    g.   At all times material hereto, MSC CRUISES S.A. as operator of the subject ship controlled the discipline of MSC CRUISE MANAGEMENT (UK) LIMITED.  MSC CRUISES S.A. retained the ultimate control by being able to fire or terminate the work of crewmembers serving aboard ships and/or shoreside which it operates and/or had the ability to direct MSC CRUISE MANAGEMENT (UK) LIMITED to terminate crew members.

323.   **<u>DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.</u>**  The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

324.   MSC CRUISES S.A. had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault and battery by crew

and/or officers.  In particular, MSC CRUISES S.A. had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault and sexual battery and physical battery, which was reasonably foreseeable.

325.     MSC CRUISES S.A. knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous sexual assaults, sexual batteries, and attacks perpetrated by crew and/or officers on passengers.

326.     **NOTICE: PRIOR INCIDENTS.** MSC CRUISES S.A. knew or should have known that sexual assaults on board its ships are a serious problem because of prior similar incidents. *K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"); See *Taiarol v. MSC Crociere S.A*., 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

327.     **NOTICE: ON-GOING, REPETITIVE PROBLEM.**     Additionally, MSC CRUISES S.A.  knew or should have known that sexual assaults on board its ships are an on-going repetitive problem.

328.     **NOTICE: LENGTH OF TIME.** MSC CRUISES S.A.  knew or should have known that crew member Ryan posed a danger to passengers and was not being properly

supervised by the length of time he was allowed to spend over serving the Plaintiff alcohol and the length of time he was able to have her alone in a "staff only" area.

329.     Crew member Ryan spent hours bartending the night of the incident and was allowed to serve multiple alcoholic beverages, over that large time frame, to the visibly obviously intoxicated Plaintiff.

330.     After spending hours bartending, crew member Ryan was able to remove the Plaintiff from the public bar area and take her into a "staff only" area. Crew member Ryan forcibly kept the Plaintiff in this "staff only" area for an unreasonably long amount of time. He kept the Plaintiff in this room long enough to forcibly kiss her and forcibly orally penetrated her with his penis until he ejaculated.

331.     **MSC CRUISES S.A. BREACHED ITS DUTY**: MSC CRUISES S.A. breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures that failed to reasonably monitor and supervise its onboard crew. MSC CRUISES S.A. failed to implement and follow reasonable procedures and methods to supervise, monitor, and/or review crew member conduct and interactions with MSC CRUISES S.A.'s passengers.  MSC CRUISES S.A. failed to reasonably and properly control its employees and/or provide rules, regulations, policies and/or procedures for  employees regarding conduct and/or fraternization with passengers.  MSC CRUISES S.A. failed to comply with applicable industry standards, statutes, and/or regulations.

332.     **PROXIMATE CAUSE**: MSC CRUISES S.A.'s failure to properly monitor and supervise its crew members put the Plaintiff in high risk of crime and personal injury, including sexual assault and/or sexual battery proximately caused the Plaintiff's injuries.  Had MSC

CRUISES S.A. properly monitored and supervised its crew members the Plaintiff would never have been sexually assaulted and/or assaulted.

333.    **DAMAGES**: MSC CRUISES S.A.'s negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISES S.A.  for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT XXI
## NEGLIGENT OVER-SERVING OF ALCOHOL- ACTUAL AGENCY: MSC CRUISE MANAGEMENT (UK) LIMITED AND MSC CRUSES S.A.

334.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 39.

335.     MSC CRUISE MANAGEMENT (UK) LIMITED is vicariously responsible for the acts, omissions, and/or conduct of its actual agents for the negligent over-serving of alcohol to the Plaintiff past the point of intoxication where she was unable to look after her own safety and was violently sexually assaulted by a cruise line employee.

336.     At all times material hereto, MSC CRUISE MANAGEMENT (UK) LIMITED acknowledged as principal that the agent, MSC CRUISES S.A., would act for MSC CRUISE MANAGEMENT (UK) LIMITED.  MSC Cruises S.A., as agent, accepted the undertaking and control by the principal, MSC CRUISE MANAGEMENT (UK) LIMITED over the actions of the agent, MSC Cruises S.A.  As such, Defendant MSC CRUISE MANAGEMENT (UK) LIMITED was at all times material hereto vicariously responsible and liable for the acts, omissions, and/or conduct of its actual agent, MSC CRUISES S.A.

337.     At all times material hereto and upon information and belief MSC CRUISES S.A. acted as the actual agent of MSC CRUISE MANAGEMENT (UK) LIMITED by virtue of the fact that:

    a. At all times materials the activities over which MSC CRUISE MANAGEMENT (UK) LIMITED had control were the activities which formed the negligence of the Defendant.

    b. MSC CRUISE MANAGEMENT (UK) LIMITED operates and/or charters MSC ships by controlling MSC CRUISES S.A. MSC CRUISES S.A. accepted and consented to MSC CRUISE MANAGEMENT (UK) LIMITED being their principal.

    c. At all times material hereto, MSC CRUISE MANAGEMENT (UK) LIMITED controlled MSC CRUISES S.A.'s work and schedules for

crewmembers/employees, provided crewmembers/employees instructions about how to perform their work, monitored the performance and/or work conducted by crewmembers/employees, and/or controlled the hierarchy of crew/employees while onboard the subject ship or working shoreside for the subject ship.

d.  At all relevant times, upon information and belief MSC CRUISES S.A. is owned in whole or in part as a subsidiary of MSC CRUISE MANAGEMENT (UK) LIMITED.

e.  MSC CRUISES S.A. accepted to act as MSC CRUISE MANAGEMENT (UK) LIMITED's agent under an agreement or contract (either written or implied) with MSC CRUISE MANAGEMENT (UK) LIMITED. Based upon information and belief, the scope of that contract and/or agreement included that MSC CRUISES S.A. would manage, develop policies and procedures, MSC CRUISE MANAGEMENT (UK) LIMITED. operated ships with management services, employees and/or crewmembers for passenger voyages, including the subject voyage in this case onboard MSC *Meraviglia.*

f.  MSC CRUISE MANAGEMENT (UK) LIMITED controlled MSC CRUISES S.A.'s actions in its operation and/or management of MSC ships, including in this case, the MSC *Meraviglia.*

338.    At all times material hereto, MSC CRUISE MANAGEMENT (UK) LIMITED as operator of the subject ship controlled the discipline of MSC CRUISES S.A. retained the ultimate control by being able to fire or terminate the work of crew members serving aboard ships and/or

shoreside which it operates and/or had the ability to direct MSC CRUISES S.A. to terminate crewmembers and/or employees.

339.   **DUTIES OWED BY MSC CRUISE MANAGEMENT (UK) LIMITED:** MSC CRUISE MANAGEMENT (UK) LIMITED owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004).  The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991).

340.   This duty of reasonable care under the circumstances includes protecting passengers from becoming intoxicated to the extent they are not able to look after their own safety. This duty of reasonable care also includes protecting passengers who become intoxicated. *See Hall v. Royal Caribbean Cruises, Ltd.* 888 So.2d 654 (3rd DCA Fla. 2004).

341.   MSC CRUISE MANAGEMENT (UK) LIMITED had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

342.   MSC CRUISE MANAGEMENT (UK) LIMITED had experienced and had actual knowledge of assaults and batteries and sexual crimes, and other violence between passengers and between passengers and crew and anticipated and foresaw that crimes would be perpetrated on passengers aboard cruise ships. MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known of the high risk to its passengers of crime and injury aboard MSC vessels.

343.   MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known from prior similar incidents that over-serving alcohol to passengers creates a dangerous condition. Such as with former passenger Joshua Beadle who was on board the *MSC Divina* on November

23, 2013, Beadle was a victim of sexual assault after being over-served alcohol. *Beadle v. MSC Crociere*, Case Number: 1:14-cv-23819-JAL.

344.    MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that the high risk to its passengers of sexual assault or sexual battery was enhanced by it's over serving of alcohol to the Plaintiff.

345.    MSC CRUISE MANAGEMENT (UK) LIMITED knows from prior incidents that over-serving alcohol to passengers may cause them to be injured or may cause them to be victims of sexual assault or battery. Because of this, MSC CRUISE MANAGEMENT (UK) LIMITED's duty of reasonable care under the circumstances includes not over-serving alcohol to passengers and monitoring/protecting passengers that have become overly intoxicated.

346.    MSC CRUISE MANAGEMENT (UK) LIMITED's employee Ryan was a bartender working at the Horizon Bar on Deck 18 of the MSC *Meraviglia* on the night of February 8, 2023, into the early morning hours of February 9, 2023. While working as a bartender for the cruise line, Ryan over-served alcoholic beverages to the Plaintiff to the point that she was incapable of caring for her own safety or consenting to sexual activity.

347.    Crew member Ryan knew that the Plaintiff was intoxicated. In fact, crew member Ryan had served the Plaintiff drinks himself. Cew member Ryan knew that he could take advantage of the Plaintiff in her intoxicated state.

348.    Crew member Ryan continued to over-serve the Plaintiff alcohol, even after she exhibited clear objective signs of intoxication such as red glassy eyes, the odor of alcohol on her breath, slurred speech, swaying, staggering, stumbling, difficulty standing, boisterous behavior, behavior associated with intoxicated patrons, and disorientation. Crew member observed or should have observed these clear physical signs of intoxication. Despite observing these signs that the

Plaintiff was obviously past the point of intoxication where she could take care of herself, crew member Ryan continued to serve the Plaintiff alcohol throughout the night.

349.    On the date of the subject incident, the Defendant's employee committed the intentional acts of sexual assault and/or sexual battery on the Plaintiff, a passenger. The Defendant's crew member Ryan was working at the Horizon Bar. He was over-serving alcohol to a female passenger so he could take advantage of her. The crew member waited for an opportunity to get the Plaintiff alone while she was vulnerable and identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her.  He started this by forcefully kissing the Plaintiff.  The Plaintiff tried to get away but failed.  The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down to her knees. The crew member pulled out his erect penis and shoved it into the Plaintiff's mouth while she tried to get away. The crew member then ejaculated in the Plaintiff's mouth, in her hair, on her face, on her legs and onto her clothing. The Plaintiff did not consent to these sexual acts.

350.    MSC CRUISE MANAGEMENT (UK) LIMITED's crew member Ryan was acting in the course and scope of his employment with the Defendant when he over-served alcohol to the Plaintiff.

351.    MSC CRUISE MANAGEMENT (UK) LIMITED, through the actions and conduct of its employee or agent, actual or apparent, is vicariously liable for over-serving of alcohol to the Plaintiff. When a passenger makes a maritime negligence claim against a shipowner based on an employee's negligence under a theory of vicarious liability, the passenger need not establish that the shipowner had actual or constructive notice of a risk-creating condition. *Yusko v. NCL,* 4 F.4th 1164 (11th Cir. 2021).

352. **MSC CRUISES MANAGEMENT (UK) LIMITED BREACHED ITS DUTY**: MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to the Plaintiff by its actions and conduct. MSC CRUISE MANAGEMENT (UK) LIMITED failed to properly train and/or supervise employees not to serve excessive amounts of alcohol to passengers. MSC CRUISE MANAGEMENT (UK) LIMITED failed to warn passengers of the dangers of drinking alcohol to excess on the ship. MSC CRUISE MANAGEMENT (UK) LIMITED failed to properly monitor and count alcoholic beverages to passengers to ensure they did not become overly intoxicated. MSC CRUISE MANAGEMENT (UK) LIMITED failed to promulgate and/or enforce adequate policies and/or procedures to prevent alcohol being over served to passengers. MSC CRUISE MANAGEMENT (UK) LIMITED failed to exercise reasonable care for the safety of its passengers. MSC Cruise Management (UK) Limited continued to serve the Plaintiff alcohol after she displayed physical and verbal signs of being overly intoxicated and failed to assist an obviously intoxicated passenger. MSC CRUISE MANAGEMENT (UK) LIMITED failed to protect or help the Plaintiff after their crew member over served her alcohol. MSC CRUISE MANAGEMENT (UK) LIMITED failed to comply with applicable industry standards, statutes, and/or regulations.

353. **PROXIMATE CAUSE**: MSC CRUISE MANAGEMENT (UK) LIMITED's negligence in over-serving the Plaintiff alcohol put her at high risk of crime and personal injury, including sexual battery and/or assault, and proximately caused the Plaintiff's injuries. Had MSC CRUISE MANAGEMENT (UK) LIMITED not over-served alcohol to the Plaintiff, she would have not been overly intoxicated and would never have been sexually assaulted and/or battered and suffered injuries.

354. **DAMAGES**: MSC CRUISE MANAGEMENT (UK) LIMITED's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future.

Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT XXII**</u>

<u>**NEGLIGENT FAILURE TO WARN- ACTUAL AGENCY: MSC CRUISE MANAGEMENT (UK) LIMITED AND MSC CRUSES S.A.**</u>

355.    The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 39.

356.    MSC CRUISE MANAGEMENT (UK) LIMITED is vicariously responsible for the acts, omissions, and/or conduct of its actual agents for the negligent failure to warn passengers,

including the Plaintiff, of known dangers in places where passengers are invited or reasonably expected to visit. MSC CRUISE MANAGEMENT (UK) LIMITED anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels. MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known of the high risk to its passengers of crime and injury aboard the vessels is enhanced by copious quantities of alcohol on its vessels. Also, it is expected that passengers, including the Plaintiff, will interact with MSC CRUISE MANAGEMENT (UK) LIMITED's crew members throughout its cruises.

357.     At all times material hereto, MSC CRUISE MANAGEMENT (UK) LIMITED acknowledged as principal that the agent, MSC CRUISES S.A., would act for MSC CRUISE MANAGEMENT (UK) LIMITED. MSC Cruises S.A., as agent, accepted the undertaking and control by the principal, MSC CRUISE MANAGEMENT (UK) LIMITED over the actions of the agent, MSC Cruises S.A. As such, Defendant MSC CRUISE MANAGEMENT (UK) LIMITED was at all times material hereto vicariously responsible and liable for the acts, omissions, and/or conduct of its actual agent, MSC CRUISES S.A.

358.     At all times material hereto and upon information and belief MSC CRUISES S.A. acted as the actual agent of MSC CRUISE MANAGEMENT (UK) LIMITED by virtue of the fact that:

> a.  At all times materials the activities over which MSC CRUISE MANAGEMENT (UK) LIMITED had control were the activities which formed the negligence of the Defendant.
>
> b.  MSC CRUISE MANAGEMENT (UK) LIMITED operates and/or charters MSC ships by controlling MSC CRUISES S.A. MSC CRUISES S.A.

accepted and consented to MSC CRUISE MANAGEMENT (UK) LIMITED being their principal.

c.  At all times material hereto, MSC CRUISE MANAGEMENT (UK) LIMITED controlled MSC CRUISES S.A.'s work and schedules for crewmembers/employees, provided crewmembers/employees instructions about how to perform their work, monitored the performance and/or work conducted by crewmembers/employees, and/or controlled the hierarchy of crew/employees while onboard the subject ship or working shoreside for the subject ship.

d.  At all relevant times, upon information and belief MSC CRUISES S.A. is owned in whole or in part as a subsidiary of MSC CRUISE MANAGEMENT (UK) LIMITED.

e.  MSC CRUISES S.A. accepted to act as MSC CRUISE MANAGEMENT (UK) LIMITED's agent under an agreement or contract (either written or implied) with MSC CRUISE MANAGEMENT (UK) LIMITED. Based upon information and belief, the scope of that contract and/or agreement included that MSC CRUISES S.A. would manage, develop policies and procedures, MSC CRUISE MANAGEMENT (UK) LIMITED. operated ships with management services, employees and/or crewmembers for passenger voyages, including the subject voyage in this case onboard MSC *Meraviglia.*

      f.   MSC CRUISE MANAGEMENT (UK) LIMITED controlled MSC CRUISES S.A.'s actions in its operation and/or management of MSC ships, including in this case, the MSC *Meraviglia*.

359.    At all times material hereto, MSC CRUISE MANAGEMENT (UK) LIMITED as operator of the subject ship controlled the discipline of MSC CRUISES S.A. retained the ultimate control by being able to fire or terminate the work of crew members serving aboard ships and/or shoreside which it operates and/or had the ability to direct MSC CRUISES S.A. to terminate crewmembers and/or employees.

360.    **DUTIES OWED BY MSC CRUISE MANAGEMENT (UK) LIMITED.**: MSC CRUISE MANAGEMENT (UK) LIMITED owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). Additionally, the Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

361.    MSC CRUISE MANAGEMENT (UK) LIMITED at all relevant times, as well as other major cruise lines, have been required to keep records of all complaints about certain crimes, which include sexual assault, sexual battery and/or rape. Cruise lines, including MSC Cruises,

must report complaints of sexual assault and rape to the FBI and the Department of Transportation. *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels. 46 U.S.C. §3507(g)(4). These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports. According to the Department of Transportation, sexual assault is the most common crime reported on cruise ships. For example, in 2022, cruise lines reported 67 crimes to the Department of Transportation, 57 of which involved sexual assaults.

362. MSC CRUISE MANAGEMENT (UK) LIMITED documents and, as a matter of law, must report prior incidents involving rape, sexual assault, assault and other crimes, which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.

363. MSC CRUISE MANAGEMENT (UK) LIMITED knows that the most commonly reported crime on cruise ships is sexual assault. MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known to warn its passengers, including the plaintiff, about the high risk to its passengers of rape, sexual assault, assault and sexual battery and injury aboard the vessels. MSC failed to warn the plaintiff of this danger and because of that failure, she was unaware she needed to take any special precautions while aboard MSC CRUISE MANAGEMENT (UK) LIMITED's ship.

364. **NOTICE: PRIOR INCIDENTS.** MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that sexual assaults on board its ships are a serious problem because of prior similar incidents. *K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"); See *Taiarol v. MSC Crociere S.A.*, 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

365. **NOTICE: ON-GOING, REPETITIVE PROBLEM.** Additionally, MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that sexual assaults on board its ships are an on-going repetitive problem.

366. **MSC CRUISE MANAGEMENT (UK) LIMITED BREACHED ITS DUTY**: MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to warn the Plaintiff of the dangerous condition and breached its duties to the Plaintiff by its actions and conduct. MSC CRUISE MANAGEMENT (UK) LIMITED, through its crew members, failed to warn its passengers, including the Plaintiff, about the high risk to passengers of crime and injury aboard MSC CRUISE MANAGEMENT (UK) LIMITED's vessels. MSC CRUISE MANAGEMENT (UK) LIMITED failed to distribute any written materials and/or memos; provide warnings on its website; make audible announcements; play video warning messages or other types of warnings to its passengers that they are at high risk of crime and injury aboard MSC CRUISE

MANAGEMENT (UK) LIMITED's vessels. MSC CRUISE MANAGEMENT (UK) LIMITED also failed to comply with applicable industry standards, statutes, and/or regulations.

367.   **PROXIMATE CAUSE**: MSC CRUISE MANAGEMENT (UK) LIMITED's failure to properly warn the Plaintiff of the high risk of crime and personal injury, including sexual assault and/or assault, proximately caused the Plaintiff's injuries.   Had MSC CRUISE MANAGEMENT (UK) LIMITED properly warned the Plaintiff of the dangerous condition, she would never have taken the subject cruise and would never have been sexually assaulted.

368.   **DAMAGES**: MSC CRUISE MANAGEMENT (UK) LIMITED's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.   The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages  recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the

enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT XXIII

## NEGLIGENT SECURITY- MSC CRUISE MANAGEMENT (UK) LIMITED

369.    The Plaintiff adopts and realleges each and every allegation in paragraphs 1 through 39.

370.    MSC CRUISE MANAGEMENT (UK) LIMITED is vicariously responsible for the acts, omissions, and/or conduct of its actual agents for the negligent security on board the *MSC Meraviglia,* which allowed MSC CRUISE MANAGEMENT (UK) LIMITED's crew member to sexually assault the Plaintiff.

371.    At all times material hereto, MSC CRUISE MANAGEMENT (UK) LIMITED acknowledged as principal that the agent, MSC CRUISES S.A., would act for MSC CRUISE MANAGEMENT (UK) LIMITED.  MSC Cruises S.A., as agent, accepted the undertaking and control by the principal, MSC CRUISE MANAGEMENT (UK) LIMITED over the actions of the agent, MSC Cruises S.A.  As such, Defendant MSC CRUISE MANAGEMENT (UK) LIMITED was at all times material hereto vicariously responsible and liable for the acts, omissions, and/or conduct of its actual agent, MSC CRUISES S.A.

372.    At all times material hereto and upon information and belief MSC CRUISES S.A. acted as the actual agent of MSC CRUISE MANAGEMENT (UK) LIMITED by virtue of the fact that:

a.  At all times materials the activities over which MSC CRUISE MANAGEMENT (UK) LIMITED had control were the activities which formed the negligence of the Defendant.

b.  MSC CRUISE MANAGEMENT (UK) LIMITED operates and/or charters MSC ships by controlling MSC CRUISES S.A. MSC CRUISES S.A. accepted and consented to MSC CRUISE MANAGEMENT (UK) LIMITED being their principal.

c.  At all times material hereto, MSC CRUISE MANAGEMENT (UK) LIMITED controlled MSC CRUISES S.A.'s work and schedules for crewmembers/employees, provided crewmembers/employees instructions about how to perform their work, monitored the performance and/or work conducted by crewmembers/employees, and/or controlled the hierarchy of crew/employees while onboard the subject ship or working shoreside for the subject ship.

d.  At all relevant times, upon information and belief MSC CRUISES S.A. is owned in whole or in part as a subsidiary of MSC CRUISE MANAGEMENT (UK) LIMITED.

e.  MSC CRUISES S.A. accepted to act as MSC CRUISE MANAGEMENT (UK) LIMITED's agent under an agreement or contract (either written or implied) with MSC CRUISE MANAGEMENT (UK) LIMITED. Based upon information and belief, the scope of that contract and/or agreement included that MSC CRUISES S.A. would manage, develop policies and procedures, MSC CRUISE MANAGEMENT (UK) LIMITED. operated ships with management services, employees and/or crewmembers for passenger voyages, including the subject voyage in this case onboard MSC *Meraviglia.*

     f.   MSC CRUISE MANAGEMENT (UK) LIMITED controlled MSC CRUISES S.A.'s actions in its operation and/or management of MSC ships, including in this case, the MSC *Meraviglia*.

373.    At all times material hereto, MSC CRUISE MANAGEMENT (UK) LIMITED as operator of the subject ship controlled the discipline of MSC CRUISES S.A. retained the ultimate control by being able to fire or terminate the work of crew members serving aboard ships and/or shoreside which it operates and/or had the ability to direct MSC CRUISES S.A. to terminate crewmembers and/or employees.

374.    **<u>DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.</u>** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

375.    MSC CRUISE MANAGEMENT (UK) LIMITED knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

376.    MSC Cruises represents that "public areas are monitored by cameras, and highly trained Ship Security Officers continuously patrol the ship and are on emergency call 24/7."[21]

---

[21] *See* https://www.msccruisesusa.com/faq/safety

377.     Passengers, such as the Plaintiff, rely upon MSC CRUISE MANAGEMENT (UK) LIMITED to monitor these cameras and provide adequate ship security to protect them from harm.

378.     **NOTICE: PRIOR INCIDENTS.** MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that sexual assaults on board its ships are a serious problem because of prior similar incidents. *K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"); See *Taiarol v. MSC Crociere S.A.*, 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

379.     **NOTICE: ON-GOING, REPETITIVE PROBLEM.**     Additionally, MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that sexual assaults on board its ships are an on-going repetitive problem.

380.     **MSC CRUISE MANAGEMENT (UK) LIMITED BREACHED ITS DUTY**: MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to the Plaintiff. MSC CRUISE MANAGEMENT (UK) LIMITED failed to install a sufficient amount of security cameras on the cruise ship in the passenger areas and other public areas, which are monitored by security personnel, which could serve as a deterrent to incidents of sexual assault or permit MSC CRUISE MANAGEMENT (UK) LIMITED to respond to such incidents. Because there were not a sufficient amount of security cameras and the security cameras that the ship does have are not adequately

monitored, there were no security officers watching the cameras to see that crew member Ryan took the Plaintiff from the bar to an empty "staff only" room. Because the security cameras were not adequately monitored crew member Ryan was able to take the Plaintiff into an the empty "staff only" room and sexually assault her.

381.    MSC CRUISE MANAGEMENT (UK) LIMITED also breached its duties by failing to provide a reasonable number of experienced and trained security officers, supervisors, and guards on the cruise ship and/or otherwise provide adequate security to its passengers. Because there was not a sufficient amount of security officers on the ship, the security officers were not adequately patrolling the ship. Had there been an adequate amount of security officers patrolling the ship, a security officer would have patrolled and discovered that crew member Ryan had taken the Plaintiff from the bar to an empty room and forcibly sexually assaulted her.

382.    MSC CRUISE MANAGEMENT (UK) LIMITED also breached its duties by failing to promulgate and enforce reasonable rules and regulations regarding preventing sexual harassment and assault from occurring. MSC CRUISE MANAGEMENT (UK) LIMITED also failed to ascertain the cause of prior similar accidents so as to take measures to prevent the re-occurrence of sexual harassment and assaults. MSC CRUISE MANAGEMENT (UK) LIMITED failed to investigate the hazards and assess risks to passengers, like the Plaintiff and then take the necessary steps to eliminate or minimize the hazards and risks and/or warn passengers, like the Plaintiff, of the dangers from the hazards and risks. MSC CRUISE MANAGEMENT (UK) LIMITED failed to comply with applicable industry standards, statutes, and/or regulations.

383.    Additionally, MSC CRUISE MANAGEMENT (UK) LIMITED breached its duties by failing to implement a method of operation that was reasonable and safe and would prevent dangerous conditions such as the one in this case. Because MSC CRUISE MANAGEMENT (UK)

LIMITED failed to implement a method of operation which would prevent dangerous conditions such as the one in this case, no security officer went to find out why crew member Ryan had taken the Plaintiff to an empty room "staff only" area and forcibly sexually assaulted her. Because no security officer went to find out why crew member Ryan had taken the Plaintiff to an empty room, Ryan was able to sexually assault and/or assault the Plaintiff.

384. **PROXIMATE CAUSE**: MSC CRUISE MANAGEMENT (UK) LIMITED's failures put the Plaintiff in high risk of crime and personal injury, including rape, sexual assault and/or sexual battery proximately caused the Plaintiff's injuries. Had MSC CRUISE MANAGEMENT (UK) LIMITED properly implemented a security system, the Plaintiff would never have been sexually assaulted and/or sexually battered.

385. **DAMAGES**: MSC CRUISE MANAGEMENT (UK) LIMITED's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past

and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT XXIV

### NEGLIGENT SUPERVISION- ACTUAL AGENCY: MSC CRUISE MANAGEMENT (UK) LIMITED AND MSC CRUSES S.A.

386.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 39.

387.    MSC CRUISE MANAGEMENT (UK) LIMITED is vicariously responsible for the acts, omissions, and/or conduct of its actual agents for the negligent supervision of the crew member who sexually assaulted the Plaintiff on board *MSC Meraviglia.*

388.    At all times material hereto, MSC CRUISE MANAGEMENT (UK) LIMITED acknowledged as principal that the agent, MSC CRUISES S.A., would act for MSC CRUISE MANAGEMENT (UK) LIMITED.  MSC Cruises S.A., as agent, accepted the undertaking and control by the principal, MSC CRUISE MANAGEMENT (UK) LIMITED over the actions of the agent, MSC Cruises S.A.  As such, Defendant MSC CRUISE MANAGEMENT (UK) LIMITED was at all times material hereto vicariously responsible and liable for the acts, omissions, and/or conduct of its actual agent, MSC CRUISES S.A.

389.    At all times material hereto and upon information and belief MSC CRUISES S.A. acted as the actual agent of MSC CRUISE MANAGEMENT (UK) LIMITED by virtue of the fact that:

a.  At all times materials the activities over which MSC CRUISE MANAGEMENT (UK) LIMITED had control were the activities which formed the negligence of the Defendant.

b.  MSC CRUISE MANAGEMENT (UK) LIMITED operates and/or charters MSC ships by controlling MSC CRUISES S.A. MSC CRUISES S.A. accepted and consented to MSC CRUISE MANAGEMENT (UK) LIMITED being their principal.

c.  At all times material hereto, MSC CRUISE MANAGEMENT (UK) LIMITED controlled MSC CRUISES S.A.'s work and schedules for crewmembers/employees, provided crewmembers/employees instructions about how to perform their work, monitored the performance and/or work conducted by crewmembers/employees, and/or controlled the hierarchy of crew/employees while onboard the subject ship or working shoreside for the subject ship.

d.  At all relevant times, upon information and belief MSC CRUISES S.A. is owned in whole or in part as a subsidiary of MSC CRUISE MANAGEMENT (UK) LIMITED.

e.  MSC CRUISES S.A. accepted to act as MSC CRUISE MANAGEMENT (UK) LIMITED's agent under an agreement or contract (either written or implied) with MSC CRUISE MANAGEMENT (UK) LIMITED. Based upon information and belief, the scope of that contract and/or agreement included that MSC CRUISES S.A. would manage, develop policies and procedures, MSC CRUISE MANAGEMENT (UK) LIMITED. operated

ships with management services, employees and/or crewmembers for
passenger voyages, including the subject voyage in this case onboard MSC
*Meraviglia.*

 f. MSC CRUISE MANAGEMENT (UK) LIMITED controlled MSC
CRUISES S.A.'s actions in its operation and/or management of MSC ships,
including in this case, the MSC *Meraviglia*.

390. At all times material hereto, MSC CRUISE MANAGEMENT (UK) LIMITED as
operator of the subject ship controlled the discipline of MSC CRUISES S.A. retained the ultimate
control by being able to fire or terminate the work of crew members serving aboard ships and/or
shoreside which it operates and/or had the ability to direct MSC CRUISES S.A. to terminate crew
members and/or employees.

391. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN
GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers"
including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913,
2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004)
*citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed.
2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D.
Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the
passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*,
*S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

392. MSC CRUISE MANAGEMENT (UK) LIMITED had a duty to use reasonable care
under the circumstances to maintain their ship in a reasonably safe condition commensurate with the
activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable

sexual assault and battery by crew and/or officers.  In particular, MSC CRUISE MANAGEMENT (UK) LIMITED had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault and sexual battery and physical battery, which was reasonably foreseeable.

393.    MSC CRUISE MANAGEMENT (UK) LIMITED knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous sexual assaults, sexual batteries, and attacks perpetrated by crew and/or officers on passengers.

394.    **NOTICE: PRIOR INCIDENTS.** MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that sexual assaults on board its ships are a serious problem because of prior similar incidents. *K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"); See *Taiarol v. MSC Crociere S.A.*, 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....")

395.    **NOTICE: ON-GOING, REPETITIVE PROBLEM.**    Additionally, MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that sexual assaults on board its ships are an on-going repetitive problem.

396.    **NOTICE: LENGTH OF TIME.** MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known that crew member Ryan posed a danger to passengers and

was not being properly supervised by the length of time he was allowed to spend over serving the Plaintiff alcohol and the length of time he was able to have her alone in a "staff only" area.

397.    Crew member Ryan spent hours bartending the night of the incident and was allowed to serve multiple alcoholic beverages, over that large time frame, to the visibly obviously intoxicated Plaintiff.

398.    After spending hours bartending, crew member Ryan was able to remove the Plaintiff from the public bar area and take her into a "staff only" area. Crew member Ryan forcibly kept the Plaintiff in this "staff only" area for an unreasonably long amount of time. He kept the Plaintiff in this room long enough to forcibly kiss her and forcibly orally penetrated her with his penis until he ejaculated.

399.    **MSC CRUISE MANAGEMENT (UK) LIMITED BREACHED ITS DUTY**: MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures that failed to reasonably monitor and supervise its onboard crew. MSC CRUISE MANAGEMENT (UK) LIMITED failed to implement and follow reasonable procedures and methods to supervise, monitor, and/or review crew member conduct and interactions with MSC CRUISE MANAGEMENT (UK) LIMITED's passengers.   MSC CRUISE MANAGEMENT (UK) LIMITED failed to reasonably and properly control its employees and/or provide rules, regulations, policies and/or procedures for MSC CRUISE MANAGEMENT (UK) LIMITED's employees regarding conduct and/or fraternization with passengers.   MSC CRUISE MANAGEMENT (UK) LIMITED failed to comply with applicable industry standards, statutes, and/or regulations.

400.    **PROXIMATE CAUSE**: MSC CRUISE MANAGEMENT (UK) LIMITED's failure to properly monitor and supervise its crew members put the Plaintiff in high risk of crime

and personal injury, including sexual assault and/or sexual battery proximately caused the Plaintiff's injuries. Had MSC CRUISE MANAGEMENT (UK) LIMITED properly monitored and supervised its crew members the Plaintiff would never have been sexually assaulted and/or assaulted.

401.   **DAMAGES**: MSC CRUISE MANAGEMENT (UK) LIMITED's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By:      *s/ Cara L. Hytinen*
**CARA L. HYTINEN, ESQ.** (FBN: 1002261)
chytinen@hickeylawfirm.com
**JOHN H. HICKEY**, **ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorney for the Plaintiff*